WILLIAM C. MORRIS *et al.* v. IDA M. TRACY *et al.*

**No. 9756.**

1. SERVICE BY PUBLICATION — *made by maiden name on woman long married, voidable.* Service of summons by publication on Emma H. Morris is not a good service on Emma H. Durham, a married woman who had borne the name of Durham for nearly twenty years, though her maiden name was Emma H. Morris; and such an attempted service, in an action of partition in which it is attempted to sell her interest in lands belonging to the estate of her deceased father, should be set aside on her motion.

2. PARTITION — *parties must have reasonable opportunity for election to take at appraisement before sale ordered of nondivisible lands.* Where the commissioners appointed to make partition of lands report that partition cannot be made without manifest injury, and make appraisement thereof, it is error for the court to direct a sale of the land until the parties interested have been afforded reasonable time, and a reasonable opportunity, to elect to take the land at the appraisement.

3. ——— *on facts, election made after sale but before confirmation, made in time.* Where an order directing partition of lands belonging to non-resident parties was made on the eleventh of March, 1893, an election to take the land at the appraised value, by one of the defendants, who owned three-sixths thereof, and who was served by publication only, made on the twenty-sixth of April, 1893, was in time, notwithstanding an intermediate order to the sheriff directing him to sell the land, and a sale thereof at two-thirds the appraised value to a stranger to the suit; the sale not having been confirmed at the time of the election.

Error from Nemaha District Court. Hon. J. F. Thompson, Judge. Opinion filed April 10, 1897. *Reversed.*

This was an action brought by Ida M. Tracy, as plaintiff, against William. C. Morris, Dallas Morris and Emma H. Morris, to partition certain lands belonging to the heirs of George W. Morris, deceased. The service was by publication. The land was described in the publication notice as "the southwest quarter, and the north half of the southeast quarter, of section six in township three of range twelve." The answer day was February 6, 1893. March 11, 1893, the court entered an order directing partition among the parties to the suit. On the same day, an order was issued directing the sheriff to cause partition to be made by the commissioners named in the order of the court. This was returned on the thirteenth of March. The commissioners reported that partition could not be made without manifest injury, and appraised the southwest quarter of section six at thirty-two hundred dollars, and the north half of the southeast quarter of said section at twelve hundred dollars. On the next day, an order was made by the court directing a sale of the property ; and a writ for that purpose was issued on the seventeenth of the same month. On April 25, the sheriff returned that he had sold the land to the defendant in error, John A. Gilchrist — the southwest quarter for $2,150, and the north half of the southeast quarter for $800. On April 26, a motion to confirm the sale was filed by the plaintiffs' attorney. The next day, Dallas Morris appeared, specially, and moved to set asided the service of summons, on the ground that no valid cost bond had been given. This was the first appearance made in the case by any of the defendants. William C. Morris filed a motion to set aside the sale on various grounds, and in his motion offered to take at the appraisement the quarter-section appraised at

thirty-two hundred dollars, and to take the whole of the land at forty-one hundred dollars. Emma Durham also filed a motion to set aside the service, alleging that she was a daughter and heir of George W. Morris, deceased; that she was married to one S. L. Durham prior to 1874, and that since her marriage she had always been known by the name of Emma Durham, and never, during that time, had been called Emma Morris, or Emma H. Morris. Testimony was taken on these motions, which were heard on the twenty-ninth of April. The court overruled all of them. Thereupon, on the same day, Emma Durham, still objecting to the jurisdiction of the court, filed a motion to set aside the orders for partition of the land and directing its sale, on the grounds that no service of summons had been made on her and that no reasonable opportunity had been afforded the defendants to elect to take the land at the appraised value. She asked that these motions be heard and decided before the motion to confirm the sale should be passed upon. This the court refused to do, and an order was entered confirming the sale and directing the sheriff to make a deed conveying the land to the purchaser. Proper exceptions were saved to all these rulings. On August 14, 1893, William C. Morris and Dallas Morris filed further motions to set aside the judgment and orders in the case. On September 27, the motion of Emma Durham, filed before the confirmation of the sale, and the two motions last mentioned, were heard on affidavits and oral and documentary evidence. The motions were all overruled; the defendants excepting. Thereupon, time was taken to make and serve a case, which was duly settled; and the defendants, alleging errors in the various rulings and orders, bring the case to this court.

*S. K. Woodworth*, for plaintiffs in error.

*J. E. Taylor*, for defendants in error.

ALLEN, J. Objection is made to the consideration of the questions raised by the plaintiffs in error, on the ground that the motions filed on August 14 were mere repetitions of those passed on on April 29 ; that no case was made preserving the testimony introduced on the first hearing, and that the order then made, overruling the motions, became a final adjudication conclusive on the parties to the action. Conceding that this contention is sound as to the motions made by Dallas and William C. Morris on August 14, the second motion of Emma H. Durham, filed before the order was made confirming the sale, remained undetermined until the last hearing, and raises the substantial questions in the case. This motion she had a right to have determined ; and the court ought to have passed on it before confirming the sale. The court having refused to do so, her rights are not prejudiced ; and the record is sufficient to present the errors of which she complains.

The attempted service on her by publication was voidable, if not absolutely void ; and should have been set aside on her motion. For nearly twenty years she had borne the name of Durham, and no reason is suggested by the record why, if it were really intended to give her notice of the pendency of the suit, service on her by the name of Morris should have been attempted. The description of the land contained in the publication notice is ambiguous. It is a more apt description of only 120 acres, all in the southeast quarter of the section, than of the 240 acres attempted to be conveyed to the purchaser by a definite and unmistakable description. This is

not like a case where personal service of process is made under a wrong name. Here the only service was by publication; and the only information the defendants could have that service on them was intended, was derived from the names used and the description of the property. Emma Durham clearly had the right to remain out of court until brought in by a valid notice.

There was most unseemly haste in forcing a sale of the land; especially in a case where the defendants were all non-residents of the State, and served by publication only. The statute allows any one or more of the parties to elect to take the land at the appraisement. It fixes no time within which this election is required to be made. On the twenty-seventh of April, William C. Morris elected to take one quarter-section of the land at the appraisement. Under the circumstances of this case, we think this election was in time, and that the court erred in confirming the sale after such election. . It was error to direct a sale of the land without first affording a fair and reasonable opportunity to the owners to make their elections.

All the judgments and orders of the court are reversed, and the cause remanded with direction to set aside the service of summons.