## J. M. ROGERS v. McCORD-COLLINS MERCANTILE COMPANY.

### (Filed Sept. 4, 1907.)

#### (91 Pac. 864.)

1. MOTIONS—Conclusiveness of Adjudication—Motion to Quash Service. Generally, when an order is made denying a motion to quash service of summons, and a final judgment is rendered, an appeal will lie from such judgment, and the ruling arising upon the motion to quash service may be assigned as ground for reversal, and if no appeal is taken, the matter arising on the motion to quash service becomes res adjudicata and a bar to the right of the defendant to raise the same question upon a subsequent motion involving the same subject matter.

2. APPEARANCE—General Appearance—Special. Where a motion is made in which questions are raised which go to the jurisdiction of the court over the parties, and in which questions are also raised which cannot be raised by special appearance but can only be heard upon a general appearance, the parties will be taken and held to have entered a general appearance, and in such case defects in the service of summons will be deemed and held to have been waived, even though such appearance be made after judgment and upon a motion to vacate and set aside such judgment.

(Syllabus by the Court.)

*Error from the Probate Court of Lincoln County; before Fred A. Wagoner, Probate Judge.*

Affirmed.

*S. A. Cordell,* and *J. B. A. Robertson,* for plaintiff in error.
*S. D. Decker* for defendant in error

Opinion of the court by

PANCOAST, J.: This action was brought in the probate court of Lincoln county to recover the sum of $127.50. Summons was

regularly issued and was served on the 24th day of November, 1904, by leaving a certificate copy thereof, with the endorsements thereon, at defendant's usual place of residence.  On the 5th day of June, 1905, the plaintiff appeared specially and moved to quash and set aside the summons and service thereof, for the reason the defendant was not at the time of service a resident of the county or territory. Evidence was introduced upon this motion, and overruled by the court, and judgment was thereupon rendered as upon default. Following this, on the 15th day of June, 1905, the plaintiff in error filed a motion, supported by affidavits, praying that the judgment rendered on the 5th day of June be set aside, upon the ground that the defendant was a nonresident when service was made, and that the court had no jurisdiction of the person of the defendant. Evidence was introduced upon this motion also, and heard by the court, and after consideration thereof the court overruled the same. Time was given to make a case upon the last order.  The case-made, however, contains the record of the action of the court upon the motion to quash as well as upon the motion to set aside the judgment, although no time was given to make a case upon the first motion.  No extension of time having been given to make a case upon the ruling upon the motion to quash service, the action of the court in that regard can not be considered in this appeal, except in so far as the court may be apprised of the first action of the court, and in so far as it may be necessary to consider the same in connection with the subsequent orders.  It seems, however, from the record, that this motion was heard, and upon the hearing that evidence was introduced and considered, which was held by the court insufficient, and the return of the sheriff and the service was sustained.

It is insisted by the plaintiff in error that both of these motions ought to have been sustained.  There was, however, evidence offered and considered, and we think that the return of the sheriff was sufficient as against the evidence offered by the defendant.  The affidavits offered by the defendant are very unsatis-

factory. The affidavit of the wife of the defendant was incompetent and could not have been considered by the court. The other affidavits contain conclusion and evidently appeared to the court as evasive and unsatisfactory. Upon this, however, the only question that can be considered here is the question arising upon the motion to set aside the judgment. This same question, having been presented to the court upon the motion to quash service, became *res adjudicata,* and the court would have been justified in overruling the motion upon that ground, if none other. An order overruling a motion to quash summons and service is as conclusive on appeal from a subsequent order involving the same question, and becomes *res adjudicata* to the same extent, as if the order had been made upon the final judgment. Generally, when an order is made denying a motion to quash service of summons, and a final judgment is rendered, an appeal will lie from such judgment, and the ruling arising upon the motion to quash service may be assigned as ground for reversal, and, if no appeal is taken, the matter arising on the motion to quash service becomes *res adjudicata* and a bar to the right of the defendant to raise the same question upon a subsequent motion involving the same subject matter. While there are exceptions to the letter of this rule, yet, whenever the exceptions have been recognized, they have been based upon what seems necessary for the full protection of the rights of the parties. "Orders made on motions affecting the substantial rights of parties from which an appeal lies, if the matter in question has been fully tried, are as conclusive upon the issue necessarily decided, as are final judgments." *Halverson v. Orinoco* (Minn.) 95 N. W. 320; *Board of Commissioners of Wilson County v. McIntosh* (Kan.) 1 Pac. 572.

It is insisted by the plaintiff in error that a void judgment can always be attacked, even collaterally. As an abstract proposition of law this is probably correct, but this was not a void judgment. At most it was only voidable, and it is also true that the court upon a proper showing could have quashed the service,

inasmuch as the service was not personal, but by leaving a copy at what was claimed as the usual place of residence of the defendant. This could only be taken advantage of by a special appearance, and should the defendant in such a case at any time make a general appearance, such general appearance would have waived any defect of service. Not only that, but a general appearance in such a case may be made even after judgment, and when so made will have the effect of waiving any defect which may appear in the service.

In the brief of the plaintiff in error in this case, they argue two propositions which can in no wise be taken advantage of by special appearance, and an appearance in any case which is designated as a special appearance, and in which special appearance propositions are contended for which can not be taken advantage of by a special appearance, but can only be heard upon a general appearance, the parties will be taken and held to have made a general appearance. Counsel argue, upon pages 10 and 11 of their brief, that the judgment was rendered without testimony; also, that the petition was not subscribed by the plaintiff in error, and for this reason the court erred in rendering judgment; also, the service was made on Thanksgiving Day. The first two of these propositions are not matters that can be considered under the head of a special appearance. They are matters that do not pertain to the jurisdiction of the person, and the defendant, having presented these two matters to the court, will be deemed to have entered a general appearance in the action, and, having entered a general appearance, all matters affecting the service are waived, and the court will be held to have jurisdiction of the person of the defendant.

There being no proposition that can be considered except those arising upon the motion to set aside the judgment, which proposition involves alone the question of service, and these matters having been waived by the general appearance, and the argument of the propositions not pertaining to the question of service and all

matters pertaining to service being shown by the record to have become *res adjudicata,* and there being no other proposition presented to this court, .the judgment of the probate court will be affirmed.

Irwin, J., absent; all the other Justices concurring.