## LOOKABAUGH v. EPPERSON.

### No. 751.  Opinion Filed March 21, 1911.

#### (114 Pac. 738.)

1. **APPEAL AND ERROR—Reservation of Grounds—Necessity.** The Supreme Court will not review alleged errors of the trial court, unless the error complained of is in some manner assigned for review by the petition in error.

2. **APPEARANCE—General Appearance.** Where a motion is made in which questions are raised that go to the jurisdiction of the court over the parties, and in which questions are also raised that cannot be raised by special appearance, but can be heard only upon a general appearance, the parties will be taken and held to have entered a general appearance, and in such case defects in the service of summons will be deemed and held to have been waived, even though such appearance be made after judgment and upon a motion to vacate and set aside such judgment.

(Syllabus by the Court.)

*Error from District Court, Oklahoma County; J. G. Lowe, Judge.*

Action by Ella Epperson against J. G. Lookabaugh and others. Judgment for plaintiff, and defendant brings error. Affirmed.

*R. M. Campbell* and *I. H. Lookabaugh*, for plaintiff in error. *Claude Weaver* and *Leigh Clark*, for defendant in error.

HAYES, J.  This appeal is brought to review an order of the court below overruling a motion to set aside a default judgment rendered upon service by publication and to permit plaintiff in error to file an answer and defend against the action. Defendant in error brought the action in the court below against W. M. Sawyer, R. H. Ewert, and plaintiff in error to quiet the title to two certain tracts of land described in plaintiff's petition, and to cancel two certain deeds executed by her to plaintiff in error conveying said land, or for the alternative relief, in the event the court found she was not entitled to a decree quieting title, of a judgment against plaintiff in error and his codefendants

for the sum of $3,800. When her petition was filed, summons was issued and served upon Sawyer and Ewert, and an alias summons was also issued to plaintiff in error, which was duly returned by the sheriff, showing that plaintiff in error could not be found. Thereupon defendant in error filed an affidavit for service by publication, and publication notice was issued and published. After said notice had been published, an amended affidavit for service by publication was filed by defendant in error. Prior to which time, however, plaintiff in error had filed in the cause her special appearance and a motion to quash the attempted service by publication. Thereafter the court made an order striking this motion from the files. The record fails to disclose upon what grounds the order was made. On the 3d day of August following the striking of the motion from the files, which occurred on the 18th day of July ,judgment by default was entered against plaintiff in error, granting defendant in error the relief prayed for in her petition to the extent of quieting the title to the land in controversy and ordering a reconveyance of the same to her. Subsequently plaintiff in error filed her motion to vacate and set aside the judgment and for permission to permit her to file her answer and defend against the action, which was denied.

A large portion of plaintiff in error's brief is devoted to urging that the action of the court in striking her motion to quash the service by publication was error; but this act of the court is not assigned as error in her petition in error, and this court will not review an alleged error of the trial court, unless the error complained of is assigned for review by the petition in error. *Menten v. Shuttee et al.*, 11 Okla. 381, 67 Pac. 478; *Southwestern Cotton Seed Oil Co. v. Bank of Stroud et al.*, 12 Okla. 168, 70 Pac. 205.

A party against whom a judgment or order has been rendered without service other than by publication in a newspaper may, within any time within three years after date of judgment or order, have the same opened and be let in to defend by giving notice to the adverse party of his intended application, and by

filing his application therefor with a full answer to the petition and paying all costs required by the court to be paid by him, and by making it appear that during the pendency of the action he had no actual notice of the action in time to appear in court and make his defense. Section 4281, Wilson's Rev. & Ann. Statutes 1903. Plaintiff in error sets out in her motion to vacate and set aside the judgment all the facts necessary to entitle her to relief under the foregoing statute, and evidence was taken before the court in support of and in opposition to the allegations in her motion. It is true that said motion contains also the following allegation:

"Said defendant further represents that the service upon her by publication was irregular and void in that it is not shown that a copy of the petition and publication notice in said newspaper containing the same was mailed to defendant at her post office address within the time required by law; and defendant further represents that said service by publication was not made as required by law, for the reason set up in her special appearance and motion to quash the same, to which reference is here made as a part of this motion."

The trial court construed the motion to vacate, and all the parties in the court below seem to have treated it as a motion for the relief authorized under section 4281, *supra*, as well as a motion to vacate and set aside the judgment on account of want of valid service. The evidence does disclose that defendant had actual notice of the pendency of the action before the rendition of the judgment, and that she was not entitled to relief under said section 4281; and the trial court held that, by reason of applying for relief under said section and filing her answer to the action, she entered a general appearance and thereby waived all irregularities in the issuance and service of summons by publication. In this holding the trial court is supported both by decisions of this jurisdiction and of Kansas, from which state our statute on procedure was adopted. This question was directly decided by the Supreme Court of the territory in *Rogers v. Mc-*

*Cord-Collins Mercantile Co.,* 19 Okla. 115, 91 Pac. 864, where, in the second paragraph of the syllabus, it was said:

"Where a motion is made in which questions are raised which go to the jurisdiction of the court over the parties, and in which questions are also raised which cannot be raised by special appearance but can only be heard upon a general appearance, the parties will be taken and held to have entered a general appearance, and in such case defects in the service of summons will be deemed and held to have been waived, even though such appearance be made after judgment and upon a motion to vacate and set aside such judgment."

Such has been the rule in Kansas since the early case of *Cohen v. Trowbridge,* 6 Kan. 385. See, also, *Burdette v. Corgan,* 26 Kan. 102; *Life Association v. Lemke,* 40 Kan. 142, 19 Pac. 337; *Investment Co. v. Cornell,* 60 Kan. 282, 56 Pac. 475; *Moses v. Hoffmaster,* 64 Kan. 142, 67 Pac. 459; *Loan Co. v. Burr,* 7 Kan. App. 703, 51 Pac. 916.

Plaintiff in error, with permission of the court after the submission of this case, was permitted to file a supplemental brief, in which he urges for the first time that the judgment of default should not be permitted to stand, because the petition of defendant in error fails to state a cause of action. This is an appeal taken from an order overruling a motion to vacate and set aside the default judgment upon grounds stated in the motion, neither of which grounds is that the allegations of the petition were insufficient to state a cause of action. The petition in error contains no assignment challenging the insufficiency of said petition, and, since its insufficiency was not challenged in the motion to vacate and set aside, that ground of reversal is not properly before this court for consideration; but we have examined the petition and find that, while some of the allegations are of a general nature and might be vulnerable to a motion to make more definite and certain, they are sufficient to sustain the judgment.

Finding no error in the record requiring a reversal of the cause, the judgment of the trial court is affirmed.

All the Justices concur.