## WELCH v. LADD.

No. 859.    Opinion Filed May 9, 1911.

Rehearing Denied June 27, 1911.

(116 Pac. 573.)

1. **SPECIFIC PERFORMANCE—Action—Venue.** An action to compel the specific performance of a contract to convey land without any element of trust in it is an action in personam, and must be brought in the district where the defendants reside, as required by Act Cong. March 1, 1895, c. 145, sec. 7, 28 Stat. 693, construed with Act Cong. May 2, 1890, c. 182, sec. 32, 26 Stat. 81.

2. **APPEARANCE—General Appearance—Validating Judgment by Default.** Where, in defense of a suit in ejectment, defendant relied on a judgment in a suit for specific performance to convey the

land, rendered and entered in his favor against plaintiff's grantor prior to the execution of the deed thereto to plaintiff, and where said judgment on its face disclosed that said suit for specific performance was brought in the district where the land lay, and not in the district where defendants therein reside, contrary to Act Cong. March 1, 1895, c. 145, sec. 7, 28 Stat. 693, construed with Act Cong. May 2, 1890, c. 182, sec. 32, 26 Stat. 81, **held**, that said judgment, nothing else appearing, was void on its face; but, where it further appears on the face of said judgment that after default defendants moved the court to set the same aside on other than jurisdictional grounds and permit them to file answer which they tendered, **held**, further, that by so doing they entered a general appearance, and validated said judgment.

3.    **APPEARANCE—General Appearance—What Constitutes.** Where a motion is made in which a question is raised not going to the jurisdiction of the court over the parties, but which can be heard only upon a general appearance, the parties will be taken and held to have entered a general appearance, and in such case defects in the service of summons will be deemed and held to have been waived, even though such appearance be made after judgment and upon a motion to vacate and set aside such judgment.

(Syllabus by the Court.)

*Error from District Court, Grady County; Frank M. Bailey, Judge.*

Action by William A. Welch, Jr., against George W. Ladd. Judgment for defendant, and plaintiff brings error. Affirmed.

*Tom W. Neal,* for plaintiff in error.

*F. E. Riddle,* for defendant in error.

TURNER, C. J. On January 11, 1908, Wm. A. Welch, Jr., plaintiff in error, sued Geo. W. Ladd, defendant in error, in the district court of Grady county, at Chickasha, in ejectment for the N. E. ¼ of the S. E. ¼ of section 8, the N. ½ of the S. E. ¼ of the S. E. ¼ of section 8, the S. W. ¼ of the S. E. ¼ of the S. E. ¼ of section 8, the N. E. ¼ of the N. W. ¼ of N. E. ¼ of section 17, the N. W. ¼ of the N. W. ¼ of the N. E. ¼ of section 17, the W. ½ of the S. E. ¼ of section 8, the S. W. ¼ of the N. W. ¼ of the S. W. ¼ of section 9, all of which land is in township 7 N., of range 7 W., of the Indian base and meridian, containing 180 acres, more or less. He claimed title thereto by warranty deed from David Willis and

wife, made, executed, and delivered to him on February 17, 1905. Defendant claimed title thereto by virtue of a judgment rendered and entered by the United States Court for the Indian Territory, Southern District at Chickasha, on April 22, 1905, in a suit then and there pending wherein he was plaintiff and Winnie Willis as the widow, and David Willis as the son and sole heir of Josiah Willis, the former owner of said land, were defendants, decreeing that they specifically perform their contract to convey said land to him, which was done, a copy of which said judgment was pleaded and introduced in evidence and held on a trial to the court to convey to defendant the superior title. There was accordingly judgment rendered and entered for defendant, and that plaintiff take nothing by his suit. He brings the case here, and assigns that the court erred in admitting in evidence the record of said judgment and holding as stated, because, he says, said judgment is void on its face. Said record discloses that Geo. W. Ladd, defendant in error, brought said suit as stated in the Southern District, where the land lay, to compel the specific performance of the contract as stated, alleging in his complaint that defendants were residents of the Central District. Said record also discloses that the judgment pleaded was by default and based upon personal service on defendants in the Central District where they resided.

Plaintiff contends that said suit was brought in violation of that part of section 7, Act. Cong. March 1, 1895, c. 145, 28 Stat. 693, which reads: "That all civil suits shall be brought in the district in which the defendant or defendants reside or may be found, * * *" and hence said service was void, and conferred no jurisdiction upon said court over the person of defendants to enter the judgment relied on. Seeking to avail himself of an exception, defendant contends that said suit was properly brought in the district where the land lay in virtue of another statute in force in that jurisdiction at that time (Mansf. Dig. § 4994 [Ind. T. Ann. St. 1899, § 3199]), which reads:

"Actions for the following causes must be brought in the county in which the subject of the action, or some part thereof

is situated: First. For the recovery of real property, or of an estate or interest therein. Second. For the partition of real property. Third. For the sale of real property under a mortgage, lien or other incumbrance or charge. Fourth. For an injury to real property."

—And in virtue of that part of Act Cong. May 2, 1890, c. 182, § 32, 26 Stat. 81, which reads:

"That the word 'county' as used in any of the laws of Arkansas which are put in force in the Indian Territory by this act shall be construed to embrace the territory within the limits of a judicial division in said Indian Territory, and when within said laws of Arkansas the word 'county' is used the words Judicial Division may be substituted therefor in said Indian Territory for the purposes of this act."

Said action, being one for specific performance of a contract to convey land with no element of trust in it, was one *in personam* and not one "for the recovery of real estate or any estate or interest therein" so as to form an exception to the rule laid down in the statute relied on by plaintiff. In *Spurr et al. v. Scoville,* 3 Cush. (Mass.) 578, the court, speaking of an action of this character, said:

"This is strictly a proceeding *in personam.* There is but one person who is the party defendant, and he is not a passive party, but must be eminently active in the performance of any decree which may be made against him. The whole object of the bill is to compel the defendant to execute a conveyance of land, as is alleged, according to his contract."

*Miller, Adm'r, v. Rusk,* 17 Tex. 170, was a suit by appellant against the appellee for the specific performance of a contract to convey land. The suit was brought in Henderson county, where the land lay. The petition alleged the residence of the defendant to be in Nacogdoches county. Defendant pleaded in abatement that he was entitled to be sued in the county of his residence. The suit was abated on said plea. On appeal the judgment was affirmed. In sustaining the plea the Supreme Court said that it was the right of the defendant to be sued in the county of his residence subject only to the exceptions enumerated in the statute; that the exception relied on to take the case out of the operation of the general rule as thus expressed

by statute, "in cases where the recovery of land, or damages thereto, is the object of the suit, in which cases suit must be instituted where the land or a part thereof is situated," had no application to the action for specific performance, and said:

"And it is very clear a defendant cannot be compelled to answer in a county other than that of his residence, under this exception in the statute, when the sole object of the suit, as to him, is a decree for specific performance, though there were other defendants against whom the plaintiff sought a recovery for an injury to the possession or estate. The 'recovery of land' manifestly has reference to the possession; and 'damage thereto,' as manifestly has reference to an injury to the possession, or to the freehold or estate, and not, as the argument of the appellant assumes, damages for the breach of the contract to make title. Where the latter is the object, the suit is merely personal; the recovery operates *in personam,* fixing only the personal liability of the party contracting, not affecting the right of property or possession of the land contracted to be conveyed, and must be brought in the county of the defendant's residence. So in the present case a decree would operate only a conveyance of the legal title, and should be binding upon the defendant personally to the extent of the obligation of his contract."

See, also, *Lowe, Executor, et al. v. Mann,* 74 Ga. 387, and *Wactor v. Saulsberry & Co.,* 73 Ga. 811, for like holdings in actions for specific performance, construing similar statutes. To the same effect is *Close et al. v. Wheaton et al.,* 65 Kan. 830, 70 Pac. 891, construing an identical statute. That was an action for specific performance to compel the execution of a deed to land situated in Trego county where the action was brought. Some of the defendants were nonresidents of the state and others were nonresidents of the county. Although seasonable objections were made to the jurisdiction of the court over the persons of the defendants, the same were overruled, and judgment rendered for plaintiffs. The question of jurisdiction was the only subject considered by the Supreme Court. The court said:

"There is no doubt that specific performance, looking alone to its nature, operates *in personam* entirely, and that as a consequence, independently of statute, a suit to compel the execution of title papers can be brought only in the county of the defendant's residence."

—And after holding that section 46 of the Civil Code of Kansas (General Statutes, 1901, § 4476), identical with the one under consideration, did not apply, or authorize the suit to be brought elsewhere, further said ·

"Suits for the performance of agreements are not brought to determine titles, because, if so, they would operate on the *res*, but they are brought to enforce purely personal contracts. Of course, if the defendants obey the decree, the title will pass, and the court may in proper cases order the decree to stand as a conveyance, in which instance also the title will pass; but, nevertheless, the object of the suit is not to determine the title, but to compel the defaulting party to abide his agreement."

—and reversed and remanded the case.

We are therefore of opinion that said suit for specific performance should have been brought in the Central District, where defendants reside, and not in the Southern District, where the land lay, and for the reason that it was not, and it so appears on the face of the judgment relied on, the same is void and conveys no title to defendant, and we would so hold but for the fact that it further appears from the face of the record that on April 29, 1905, after said judgment by default was taken, and at the same term, defendants by their attorneys moved the court to "set aside and vacate said judgment and permit them to file their answer, which they now tender." This motion was supported by affidavit in effect that they were full blood Indians, uneducated and illiterate, and could speak little English, and that, not realizing the situation, did not employ counsel to represent them in the suit until after the default was taken, whereupon their counsel came immediately and moved as stated. To the overruling of this motion and refusal of the court to allow them to file said answer defendants excepted, but took no further action. As the motion did not seek to vacate the decree on jurisdictional grounds, but invoked the jurisdiction of the court to exercise its discretion and set aside the decree, the filing of same by defendants constituted a general appearance, a waiver of all defects in the service of process by which the court sought to exercise jurisdiction over their persons and validated said

judgment. 2 En. Pl. & Pr. p. 655. Also, *Kaw Life Ass'n v. Jennie Lemke*, 40 Kan. 142, 19 Pac. 337. The court then having jurisdiction thereof by said appearance and of the subject-matter of specific performance by virtue of its general equity powers, the judgment is not void on its face. *Lookabaugh v. Epperson*, 28 Okla. 472, 114 Pac. 738, was an appeal to review an order of the trial court overruling a motion to set aside a judgment by default rendered upon service by publication, and to permit plaintiff in error to file an answer and defend against the suit. This court held that by so doing she entered a general appearance, and thereby waived all irregularities in the issuance of summons by publication. In the syllabus the court said:

"Where a motion is made in which questions are raised that go to the jurisdiction of the court over the parties, and in which questions are also raised that cannot be raised by special appearance but can be heard only upon a general appearance, the parties will be taken and held to have entered a general appearance, and in such case defects in the service of summons will be deemed and held to have been waived, even though such appearance be made after judgment and upon a motion to vacate and set aside such judgment."

—And affirmed the judgment of the trial court. After careful search we find nothing in the adjudications of the Supreme Court of Arkansas to militate against this rule.

*Mayer v. Mayer*, 27 Or. 133, 39 Pac. 1002, was an appeal by Rebecca J. Mayer from a decree of divorce granted to her then husband, John Mayer, without any appearance by her or service of process except by publication. Thereafter, she appeared and filed a motion, supported by affidavits, asking that the decree be set aside, and that she be let in to defend the suit. The motion was denied, and she appealed. In support of her motion, it was urged that the trial court had no jurisdiction of defendant at the time the decree was rendered because the proceedings for the publication of the summons were defective. The court in effect held that, while defendant might have appealed specially and objected to the jurisdiction of the court or to set aside the default or judgment as void for want of ser-

vice of process without submitting herself to the jurisdiction of the court, the motion to vacate the decree in question was not on jurisdictional grounds, and was therefore a waiver of all irregularities in the service of process. Quoting approvingly from *Burdette v. Corgan,* 26 Kan. 102, the court said:

"A party cannot come into court, challenge its proceedings on account of irregularities, and, after being overruled, be heard to say that he never was a party in court, or bound by those proceedings. If he was not in fact a party, and had not been properly served, he can have the proceedings set aside on the ground of want of jurisdiction, but he must challenge the proceedings on that single ground. This is familiar doctrine."

The judgment not being void on its face and subject to collateral attack for the reason assigned or because rendered before the return day or the time for answering had expired (6 Pl. & Pr. p. 98; Van Vleet on Col. Att. § 712), we are of opinion that the same vested in defendant in error the superior title to the land in controversy, and, finding no error, the judgment of the lower court is affirmed.

All the Justices concur.