### BILYEU v. BRANSON, Adm'r.

No. 12043—Opinion Filed May 9, 1922.

Rehearing Denied June 13, 1922.

(Syllabus.)

1. **Appearance—General Appearance—Waiver of Defective Process.**

Where a motion is made in which questions are raised which go to the jurisdiction of the court over the parties, and in which questions are also raised which cannot be raised by special appearance, but can only be heard upon a general appearance, the parties will be taken and held to have entered a general appearance, and in such case defects in the service of summons will be deemed and held to have been waived.

2. **Equity—Retention of Jurisdiction—Complete Relief.**

A court of equity which has obtained jurisdiction of a controversy on any ground or for any purpose will retain such jurisdiction for the purpose of administering complete relief and doing entire justice with respect to the subject-matter. This doctrine seems to rest upon the same principles which permit a court of equity to take jurisdiction in the first instance, because the remedy is incomplete, or to avoid multiplicity of suits.

3. **Deeds — Cancellation — Conversion — Judgment—Sufficiency of Evidence.**

Record examined, and held, that the findings and judgment of the trial court are not against the clear weight of the evidence.

Error from District Court, Noble County; Arthur R. Swank, Judge.

Action by C. E. Branson, administrator of estate of Simon N. Bilyeu, deceased, against I. R. Bilyeu to cancel deed and for other relief. Judgment for plaintiff, and defendant brings error. Affirmed.

Burdick & Wilcox and W. M. Bowles, for plaintiff in error.

Johnston & Robinson, for defendant in error.

KANE, J. This was an action commenced by the defendant in error, plaintiff below, against the plaintiff in error, defendant below.

The petition of the plaintiff was in three counts, the first cause of action being for the cancellation of a deed upon the ground of fraud and duress, the second being for the cancellation of a bill of sale upon the same ground, and the third being an action for damages for the conversion of the personal property described in the bill of sale involved in the second cause of action.

The first cause of action alleged, in substance, that the plaintiff in error, by fraudulent representations and on account of undue and dominant influence exercised over the mind of one Simon N. Bilyeu, induced the latter to execute to him a deed covering a certain real estate situated in Noble county. The same allegations of fraud and undue influence were alleged in the second count as a ground for setting aside the bill of sale, and the third count contained the ordinary allegations constituting a cause of action in conversion.

Thereafter the defendant filed a motion to require the plaintiff to make his petition more definite and certain by setting forth therein in detail the manner and statements whereby this defendant "fraudulently and through undue influence and without consideration secured from said decedent the execution and delivery to him of the warranty deed conveying the said land."

Thereafter the defendant filed a motion to require the plaintiff to strike from his petition paragraphs 1, 2, 3, 4, and 5 and all matters in said petition relating to the alleged personal property claimed to belong to the decedent, Simon N. Bilyeu, and that portion of the prayer for relief in relation thereto, for the reason that said matter is not properly joined with an action to set aside and cancel a deed in relation to real estate.

Thereafter the defendant filed a motion to require the plaintiff to separately state and number his several causes of action.

Thereafter these motions were overruled by the court, and thereafter other issues of law and fact were joined by proper pleadings or motions, all of which were overruled.

Thereafter the defendants filed a motion to dismiss the second cause of action set forth in plaintiff's petition, upon the ground that said action is improperly joined with an action in reference to real estate and is so joined with said action in bringing this defendant into a court which has no jurisdiction over the defendant and for the pur-

pose of trying a matter in a court which rightfully has no jurisdiction over the person of the defendant.

This motion was supported by affidavit showing that the defendant was a resident of Payne county, where he was served with summons in the above entitled case, which motion was overruled.

Thereafter an answer was filed which, after a general denial, alleged that the court had no jurisdiction over the defendant upon the matter set forth in the second and third paragraphs of the petition, for the reasons set out in the motion to dismiss and the other motions just referred to.

Thereafter, the cause coming on for trial, the jury returned the following answer to interrogatories:

"Was the deed to this land and the bill of sale to the personal property belonging to the estate, obtained from the deceased through undue influence? Answer—Yes.

"Was the deceased, Simon N. Bilyeu, in his right mind, and did he have sufficient mental capacity to know and realize what he was doing at the time he executed said deed and bill of sale? Answer—No."

At the same time the jury returned a general verdict as follows:

"We, the jury, being duly sworn and impaneled in the above entitled case, do on our oaths, find that the plaintiff, C. E. Branson, as the administrator of the estate of Simon N. Bilyeu, deceased, is entitled to recover from the defendant, I. R. Bilyeu, the sum of $1,000, as the value of the personal property."

Thereupon the judgment was entered, canceling the deed and bill of sale allowing the plaintiff damages in accordance with the general verdict of the jury.

It is to reverse this judgment that the proceeding in error was commenced.

While counsel for plaintiff in error assign many grounds for reversal, they rely in their brief upon two assignments of error which they state as follows:

"First. Because the court erred in overruling motion to dismiss; because the court erred in overruling defendant's demurrer; because the court erred in holding that the jurisdictional question raised by defendant's demurrer and by his motion to dismiss had been waived by the defendant.

"Second. Because the judgment is contrary to the evidence."

The first contention is based upon the assumption that the various causes of action

were improperly joined under the following sections of the Harris-Day Code (Rev. Laws 1910): Section 4671 provides that actions "for the recovery of real property, or, of any estate or interest therein, or the determination in any form of any such right or interest," must be brought in the county in which the subject of the action is situated. Section 4679 provides that "every other action must be brought in the county in which the defendant, or some one of the defendants, reside" or may be found.

Counsel argue that inasmuch as the first cause of action relates to real property and was properly commenced in Noble county, in which the subject of the action is situated, the other two causes of action were improperly joined therewith because, they say, they come under the general designation "every other action," which under section 4679 must be brought in the county in which the defendant resides or may be found.

I appears that the trial court conceded the general applicability of the foregoing statutes to cases like this, but held that the defendant waived his right to avail himself of their provisions by his various general appearances to the merits made by the pleadings and motions hereinbefore set out.

Assuming, as the parties seem to concede, that filing these various motions and pleadings constitutes a general appearance to the merits, the authorities seem to abundantly sustain the ruling of the trial court. Following Kansas, from which state our Code of Civil Procedure was taken, this court has consistently adhered to the rule that—

"Where a motion is made in which questions are raised which go to the jurisdiction of the court over the parties, and in which questions are also raised which cannot be raised by special appearance, but can only be heard upon a general appearance, the parties will be taken and held to have entered a general appearance, and in such case defects in the service of summons will be deemed and held to have been waived, even though such appearance be made after judgment and upon a motion to vacate and set aside such judgment."

The following are a few of the cases to this effect: Rogers v. McCord-Collins Merc. Co., 19 Okla. 115, 91 Pac. 864; Lookabaugh v. Epperson, 28 Okla. 472, 114 Pac. 738; Welch v. Ladd, 29 Okla. 93, 116 Pac. 573; Ziska v. Avey et.al., 36 Okla. 405, 122 Pac. 722.

Moreover, in the case at bar, although there appears to be three causes of action,

they all grew out of one and the same transaction. The petition alleges in substance: That while the deceased, Simon L. Bilyeu, was obviously at the point of death from a severe paralytic stroke, from which within a few days he died, the defendant, who was not his heir at law, by fraud and undue influence induced the deceased to execute the two instruments in question, conveying away his entire estate, both real and personal, of the value of several thousand dollars, the sole consideration, as stated in the instruments, being as follows: "The above was given for to pay for the taking care of Simon L. Bilyeu while he lives." The third cause of action was for the conversion of the personal property described in the bill of sale. Obviously these various causes of action should be tried together if possible. A court of equity having rightfully obtained jurisdiction over a part of the controversy, it is the established policy of equity to afford complete relief and thereby avoid multiplicity of suits. Cook v. Warner, 41 Okla. 781, 140 Pac. 424; Lamb v. Alexander et al., 74 Oklahoma, 179 Pac. 587.

The second assignment of error is also without merit. The rule is well established in this jurisdiction that unless the judgment of the court is clearly against the weight of the evidence, it will not be disturbed on appeal. The following are a few of the late cases so holding: Durant v. Black, 76 Okla. 55, 184 Pac. 439; Hogan et al. v. Grimes, 78 Okla. 184, 189 Pac. 353; Garrison Coal Co. v. Semple, 82 Okla. 60, 198 Pac. 497.

In the case at bar the findings of fact of the court are reinforced by the special and general findings of the jury in their advisory capacity that both the deed and bill of sale were procured through undue influence from a person who did not have sufficient mental capacity to realize what he was doing.

An examination of the record convinces us that these findings are not against the clear weight of the evidence.

For the reasons stated, the judgment of the trial court is affirmed.

HARRISON, C. J., and JOHNSON, MILLER, and KENNAMER, JJ., concur.