Note.—See under (1) 4 C. J. p. 854, §2834; 2 R. C. L. p. 194; 1 R. C. L. Supp. p. 432; 4 R. C. L. Supp. p. 90. 5 R. C. L. Supp. p. 80; 6 R. C. L. p. 73.    (2) 30 Cyc. p. 403. (3) 38 Cyc. pp. 1300, 1301; 26 R. C. L. p. 1023; 1 R. C. L. p. 1023; 4 R. C. L. Supp. p. 1692.    (4) 4 C. J. p. 827, §2805; p. 950, §2029; 38 Cyc. pp. 1810, 1311.

---

### BRISTOW et al. v. SCOTT et al.

No. 16376—Opinion Filed March 23, 1926.

Rehearing Denied March 8, 1927.

**Appearance—Defects in Process Cured by Appearance on Motion to Vacate Judgment.**

Where a motion is made in which questions are raised which go to the jurisdiction of the court over the parties, and in which questions are also raised which cannot be raised by special appearance, but can only be heard upon a general appearance, the parties will be taken and held to have entered a general appearance, and in such case defects in the service of summons will be deemed and held to have been waived, even though such appearance be made after judgment and upon a motion to vacate and set aside such judgment.

(Syllabus by Jones, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Coal County; J. H. Linebaugh, Judge.

Motions by F. E. Bristow and others to vacate order and judgment in garnishment proceeding, John C. Scott and others being adverse parties. Motions overruled, and movants appeal. Affirmed in part and reversed in part.

D. D. Brunson and Jas. R. Wood, for plaintiffs in error.

J. G. Ralls and I. L. Cook, for defendants in error.

Opinion by JONES. C. This appeal is from the action of the district court of Coal county in overruling a motion to vacate an order sustaining garnishment proceedings issued in case No. 3872, pending in said district court, wherein the Ohio National Life Insurance Company, a corporation, was plaintiff, and F. E. Bristow et al. defendants, and the American National Bank of Ardmore, a corporation, et al., garnishee. The bank sets forth in its motion the fact that the garnishment summons served upon the bank was never served on the defendants F. E. Bristow and his wife, Nellie Bristow, and further avers that said summons is void for the reason that it was not in the manner and form provided by the statute of this state, and was not sufficient to confer jurisdiction upon the court to make the order herein complained of. The bank further avers in its motion that by reason of said defective and illegal service in said garnishment proceedings, said bank has incurred attorney's fees in the sum of $100, which it alleges as reasonable, and prays that it have judgment against the defendants John C. Scott, Will H. Locke, F. E. Bristow, and Nellie Bristow, and his bondsmen on the garnishment bond filed in the case for said sum of $100, attorney's fees, and for all other costs by it expended to be charged as cost in said action.

The defendants F. E. Bristow and Nellie Bristow filed a separate motion to vacate the order and judgment of the court wherein the moneys garnisheed in said American National Bank of Ardmore are subjected to the payment of judgment held by the Ohio National Life Insurance Company against the said Bristow. The motion contains 14 paragraphs. and we will quote such portion of same as we think pertinent to the issues here involved:

"Motion to Vacate Judgment.

"Come now the defendants F. E. Bristow and Nellie Bristow, and move the court to vacate and set aside all that part of the certain judgment rendered in said cause on the 2d day of March, 1925, and during this term of the district court, for the reason that said judgment is void, and to enter an order quashing all purported writs of garnishment issued in said cause, and also executions issued in said cause against said defendants, for the following reasons, to wit:

"(1)    That the court was without jurisdiction in said cause to render that part of said judgment wherein the plaintiff is required to issue execution against the property of the defendants F. E. Bristow and Nellie Bristow, before the expiration of six months from and after the date of said judgment, and before the real estate mentioned and described in said judgment, and on which the mortgage sued upon in said cause, is foreclosed, is sold.

"That that part of said judgment is void as against said defendants for the reason that the defendants John C. Scott and wife, Mrs. John C. Scott and Will H. Locke and wife, Mrs. Will H. Locke, were permitted to file a cross-petition in said cause against said defendants F. E. Bristow and Nellie Bristow, and said cause was tried on said cross-petition and relief granted thereon without issuing summons on said cross-petition and serving the same on the said defendants F. E. Bristow and Nellie Bristow. That they had no notice whatever, either in writing,

verbally or otherwise, and no knowledge of the filing of said cross-petition in said cause, and for that reason the court was without jurisdiction to render judgment based upon said cross-petition against said defendants."

From which it will be seen that, aside from the attack made on the judgment of the court sustaining the garnishment pro ceedings, the defendants F. E. Bristow and Nellie Bristow also in their motion to vacate said judgment attack a portion of the judgment rendered in said original proceedings, and ask for a modification of same, because the judgment contained a clause directing the issuance of execution against certain real estate belonging to the defendants Bristow, "before the expiration of six months from and after the date of said judgment," etc. This, we think, constitutes a general appearance on the part of the Bristows, and was a waiver of any defects in the service of summons in the garnishment proceedings complained of.

The general rule is found in 2 R. C. L. pages 332-333, section 12:

"On the other hand, where the defendant, besides asking that the attachment be set aside for want of jurisdiction, also asks some relief which can be granted only on the hypothesis that the court has jurisdiction of the cause and person, or pleads to the merits, the appearance is general and confers jurisdiction over his person," etc.

In section 13, Id., this language is found:

"One against whom a judgment has been entered without jurisdiction of his person submits himself to the jurisdiction of the court by appearing for the purpose of quashing a garnishment proceeding to subject his property to the satisfaction of the judgment, and to contest a motion to amend the return of service. Although his motion to quash the judgment is granted, he may be required to plead to the complaint."

This court has followed the doctrine announced in R. C. L. in the case of Rogers v. McCord-Collins Mercantile Co., 19 Okla. 115, 91 Pac. 864, wherein it held:

"Where a motion is made in which questions are raised which go to the jurisdiction of the court over the parties, and in which questions are also raised which cannot be raised by special appearance but can only be heard upon a general appearance, the parties will be taken and held to have entered a general appearance, and in such case defects in the service of summons will be deemed and held to have been waived, even though such appearance be made after judgment and upon a motion to vacate and set aside such judgment."

This rule has been repeatedly followed as disclosed by the decisions rendered in the case of Lookabaugh v. Epperson, 28 Okla. 472, 114 Pac. 738; Montgomery v. Wm. Cameron Co., 49 Okla. 179, 152 Pac. 398, and in the case of Morgan v. Karcher et al., 81 Okla. 210, 197 Pac. 433, and numerous other decisions. Under the rule announced by the above authorities, we hold that the matters contained in the motion to vacate constitute a general appearance, and in the absence of any showing upon the part of the movants, setting forth a meritorious defense to the judgment rendered in the garnishment proceedings, we do not regard the error of the court in overruling the motion sufficient to justify a reversal of the case, and especially is this true in the instant case, for the reason that the appellants F. E. and Nellie Bristow file no brief in support of the assignment of error, and while the garnishee, American National Bank of Ardmore, filed its brief complaining of the action of the court in this particular, we are of the opinion that the bank has no such interest in the results of the garnishment proceedings as would justify a further consideration of this matter, or a reversal of the case in the interest of the bank. The general appearance in the case on the part of the defendants Bristows and the waiving of the defective service not only are binding upon the defendants, but also binding upon the garnishee.

This leaves but one other matter for consideration, and that is the question of whether or not the bank is entitled to recover costs and attorney's fees incurred by reason of its defense in the garnishment proceedings, and while this matter was not specifically passed upon by the court, the overruling of the motion to vacate the order filed by the bank necessarily defeated the rights of the garnishee in every particular, and this error is generally raised by the appellant American National Bank of Ardmore in its separate petition in error filed in the case, wherein it complains of the error of the court in overruling its motion to vacate the judgment, and in this particular we are inclined to agree with the contention made, because as a matter of equity, the bank having been called upon to defend by reason of the defective service made in the garnishment proceedings, which was necessary in order to protect itself against these depositors, the Bristows, on account of the status of the record at the time of the filing of its motion, we think this entitles the bank to the relief sought in so far as any costs which they have incurred and a reasonable attorney's fee are concerned; and we think the judgment of the court was erroneous in this particular, and therefore reverse same on this

 

point, and remand it to the trial court, with direction to hear and determine the issue raised by reason of this portion of the garnishee's motion, and to render judgment for reasonable attorney's fee, and to charge the same together with all costs incurred by the garnishee, the American National Bank of Ardmore, against the defendants John C. Scott and Will H. Locke, and their bondsmen on the garnishment bond, as we find said defendants to be responsible for the issuance of the garnishment summons, and therefore they should be held responsible for the costs incurred by the bank in defending against same. Finding no merit in the errors assigned, other than the one just mentioned, we hold that the judgment of the court otherwise should be and the same is hereby affirmed.

.By the Court: It is so ordered.

Note.—See 4 C. J. p. 1340 §32; p. 1342 §33; p. 1356 §44; 2 R. C. L. pp. 332, 333; I R. C. L. Supp. pp. 504, 505.