## DUNCAN v. JONES et al.

No. 19106. Opinion Filed Sept. 10, 1929.

W. F. Semple and B. W. Carter, for plaintiff in error.

W. W. Pryor, W. N. Stokes, and G. O. Wallace, for defendants in error.

RILEY, J. This appeal is from a final order refusing to vacate a judgment in partition. Alice Jones commenced the original action for partition of a 40-acre ·tract of land in Seminole county on November 12, 1924. Summons was issued on some defendants and publication notice issued as to others, but on December 11, 1924, an answer signed by an attorney, Mr. Emerick, was filed in the case as to defendant O. C. Duncan. There was evidence tending to show that Emerick, as attorney, was employed by P. W.· Duncan, who acted for and on behalf of defendant O. C. Duncan.

Judgment of partition was rendered November 9, 1925, defining the interest of plaintiff, Alice Jones, as a 19/27ths, and that of O. C. Duncan as 1/9th, and· quieting title. The land was appraised at $600, whereupon and on December 7, 1925, plaintiff, Alice Jones, filed her election to take the property at the appraised value. On December 21, 1925, an order of the district court was entered accepting the election of plaintiff Jones and directing the sheriff to execute to her a deed for the premises. The next year, after confirmation of sale, and on February 25, 1927, O. C. Duncan filed his motion to set aside the order accepting the election of Alice Jones and ordering the sheriff to execute deed. This motion was overruled March 14, 1927. Another motion to vacate was filed by O. C. Duncan June 6, 1927, the same ·being overruled on July 25, 1927, and after adverse action upon motion for new trial, this appeal was perfected.

It is contended that the court below was without jurisdiction as to plaintiff in error Duncan, for reason of ˙lack of service of process upon him and lack of authority on the part of the attorney representing him to waive service by filing answer.

There is some evidence tending to show authorization of the attorney on the part of O. C. Duncan, expressed by and through his brother. At any rate by his first motion to vacate filed February 25, ·1927, a general appearance was made by Duncan. In that motion it is pleaded:

"That the defendant is the owner of an undivided interest in said lands and was represented in said cause by J. D. Emerick, attorney at law, of Shawnee, Okla., and that an answer was filed in said cause by said attorney on the 11th day of December, 1924, but that this defendant has never at any time been advised by said attorney or any other person that said lands were not susceptible of partition and has not waived his right to purchase the same at the appraised value."

It is evident that in said motion there is no contention that the proceedings were void because of lack of jurisdiction of the person of defendant Duncan. On the other hand, it was pleaded that the attorney represented defendant Duncan in said cause.

Welch v. Ladd, 29 Okla. 93, 116 Pac. 573, states the rule as follows:

"Where a motion is made in which a question is raised not going to the jurisdiction of the court over the parties, but which can be heard only upon a general appearance, the parties will ·be taken and held to have entered a general appearance, and in such case defects in the service of summons will be deemed and held to have been waived, even though such appearance be made after judgment and upon a motion to vacate and set aside such judgment." Givens et al. v. Anderson, 119 Okla. 212, 249 Pac. 339.

We find no merit in plaintiff in error's first assignment of error.

It is next contended that the court below

should have given O. C. Duncan an opportunity to bid on the land or to take at the appraised value as provided by section 490. C. O. S. 1921.

The plaintiff, Alice Jones, filed her election to take on December 7, 1925. The statute does not fix any time within which an election or bid may be filed. The plaintiff in error, Duncan, received a letter dated November 1, 1926, written by Mr. Emerick, the attorney representing him, and giving information of plaintiff Jones' election to take at the appraised value. Yet O. C. Duncan took no action until February 25, 1927, four months after he himself testified that he received notice of the proceedings of the court. We hold the court below was not in error in refusing to vacate the sale upon this ground.

The cases cited in support of the second contention of plaintiff in error: Morris v. Tracy, 58 Kan. 13, 48 Pac. 571; Darling v. Darling (Ohio) 96 N. E. 939, are distinguishable from the issue at bar. In the first case the election was filed prior to confirmation of sale, and the same was denied by the lower court, to be reversed on appeal for the reason that election was made before the deed was executed. In the case at bar Duncan failed to file his election at all. In the latter case the question of notice to all parties distinguishes it.

There is no sufficient reason to direct a resale and one should not be directed merely to protect one of the parties against his own negligence (Abbott v. Beebe, 226 Ill. 417, 80 N. E. 991), nor because of mere inadequacy of consideration, unless the same is gross so as to establish a presumption of fraud (47 C. J. 557, sec. 773; Haggerty v. Haggerty [Ill.] 109 N. E. 34).

We find no sufficient reason for the reversal of the judgment of the trial court, and it is our judgment that the same be affirmed.

MASON, C. J., LESTER, V. C. J., and CLARK, HEFNER, CULLISON, and ANDREWS, JJ., concur.