## NOLAN v. SCHAETZEL et al.

No. 19554. Opinion Filed Sept. 9, 1930.

Rehearing Denied Oct. 28, 1930.

232

W. H. C. Taylor and Johnson & Johnson, for plaintiff in error.

Drennan & Drennan and Sam P. Ridings, for defendant in error.

EAGLETON, C. The plaintiff in error appealed on a transcript. In his petition in error he recites 13 assignments of error. Most of these assignments have been waived by his failure to set forth in his brief, as required by rule 26 of this court, argument or citation of authorities of said assignments in error. Brigman v. Chaney, 27 Okla. 510, 112 Pac. 993; Harrelson v. Brown, 131 Okla. 267, 268 Pac. 731.

He briefs the appeal under seven propositions which we will consider separately. Some of the questions are not properly before this court, but we will dispose of each of them.

He first contends that the affidavit for service by publication does not allege facts sufficient upon which to obtain service by publication upon him, a resident of Grant county, Okla., in which county the cause was pending. With this we cannot agree. The affidavit for service by publication recites diligent effort made to serve the defendant, and, in addition thereto, "the said defendant is a single man and has no family, and he eludes the said sheriff and conceals himself so that said summons cannot be served upon him," and "the said sheriff was unable to serve the same for the reason that said defendant so concealed himself that said summons could not be served upon him," and again, "he concealed himself and secreted himself so that the said sheriff could not serve said summons." These averments in the affidavit for service by publication are sufficient to meet the requirements of section 250, C. O. S. 1921, providing for service of summons by publication on a resident defendant. This section with reference to this situation reads:

"* * * In all actions where the defendant, being a resident of this state, has departed therefrom, or from the county of his residence with intent to delay or defraud his creditors, or to avoid the service of summons or keeps himself concealed therein with like intent. * * *"

Even though this complaint were good, it has been waived by plaintiff in error. After judgment in the cause, he appeared and attacked the judgment, and as ground therefor, in addition to the claim that the service on him was faulty by reason of the insufficient affidavit to obtain service by publication, asserted that the appraisal made under the order of sale issued on the judgment was faulty, and asked the court to stay proceedings under the order of sale pending the trial on his petition to vacate the judgment. The court denied him this relief. By attacking this judgment in this manner, he raised questions which were

nonjurisdictional, which are not congruous with his claim that the court has no jurisdiction over him in the action, and thus made a general appearance in the cause and cured the defect, if any, which inhered in the judgment because of the alleged irregularity of the service had upon him. Bristow v. Scott, 124 Okla. 89, 254 Pac. 16; Franse v. Armbuster (Neb.) 44 N. W. 481, 26 A. S. R. 345.

Under proposition No. 2, he presents the assignment of error that the judgment was void for the reason that the alleged mortgage foreclosed, as shown by the petition, did not affirmatively disclose that the mortgage tax had been paid thereon as required by chapter 246, Session Laws 1913. This complaint is not well taken for, as has been said in Neil v. Union Nat. Bank, 72 Okla. 116, 178 Pac. 659:

"In the absence of any showing in the record to the contrary, the Supreme Court will presume that the trial court followed the law and did not render the judgment of foreclosure until proof was made that the mortgage tax imposed by chapter 246, Session Laws of 1913, had been paid."

Under proposition No. 3, it is stated, as a proposition of law, that the court was without jurisdiction to render judgment for more than was due. Without questioning his proposition of law, we do not find any such facts disclosed by the judgment roll. Neither was this question raised in his petition to vacate the judgment in the trial court, so it could not be considered here.

Under proposition No. 4, he presents the question that appraisement was waived in the mortgage, that sale of the property under the mortgage foreclosure judgment was had in less than six months, hence the sale was void. Even were this properly presented under the transcript which we have before us, and this we do not pass upon, this assignment of error would not be well taken, for the mortgage is clear on its face that appraisment was waived or not waived at the option of the second party, the mortgagee, and the mortgagee in his petition for foreclosure elected to have said land sold with appraisement. This sale within six months after judgment was not inhibited by section 704, C. O. S. 1921.

Under proposition No. 5, it is contended that the court committed error in allowing the judgment for attorneys' fees, asserting that the provision in the note sued on was so inserted by deceit and fraud. This is not such a question as can be presented without evidence. A bill of exceptions incorporating the evidence is not included in the transcript, so we do not have that question before us here.

Under the sixth proposition, it is contended that the appraisement of the land is void and that the land was sold for less than two-thirds of the appraised price. These questions were not raised in the petition to vacate the judgment in the trial court, neither are they submitted by a transcript, hence they cannot be considered by us.

As a final proposition, it is contended that the land in this cause was purchased by plaintiff in error from the Commissioners of the Land Office of the state of Oklahoma, that there was an unpaid balance due thereon to said Commissioners, hence this land was not subject to the instant mortgage, which was a second lien, and no foreclosure thereof could be had. No authority is cited by plaintiff in error sustaining this contention, and we know of none. Neither do we know of any logical reason which would sustain such a position. The plaintiff in error had sufficient title in these premises to obtain a substantial loan thereon from the judgment creditor in this case, and there being no inhibition against such a mortgage in the laws of this state, or in public morals, we perceive no reason why a person should be permitted to come into a court of equity and resist the enforcement of a right which he, by contract for a valuable consideration, gave to another. The interest which plaintiff in error had in this land was subject to the mortgage lien, and the mortgage is properly foreclosable in the courts of this state.

We find no error in this record. The judgment is affirmed.

DIFFENDAFFER, HERR, FOSTER, REID, and LEACH, Commissioners, concur.

By the Court: It is so ordered.