RICHARDSON v. FIRST NAT. BANK OF SEMINOLE et al.

97 P. 2d 39.

No. 28891.    Dec. 12, 1939.

Fred Davis, of Oklahoma City, for plaintiff in error.

Robert Burns, of Oklahoma City, and J. Wrexel Spurr, of Seminole, for defendants in error.

CORN, J.   This is an appeal from an order and decree of the district court of Cleveland county dismissing a petition to recall an order of sale and vacate a judgment rendered in certain foreclosure proceeding wherein the plaintiff in error was one of the defendants.

October 24, 1934, the First National Bank of Seminole filed suit in the district court of Cleveland county against T. L. Richardson, Emma J. Richardson, Orin S. Richardson, Hugh T. Richardson, Beatrice Louise Frank, and the Long Bell Lumber Sales Corporation. The petition stated four causes of action, based upon the promissory notes, and asked foreclosure of a mortgage securing same, and for sale of the mortgaged property.

February 23, 1939, the court rendered judgment for plaintiff as prayed for, the journal entry of judgment (entered April 16, 1938) reciting that the named defendants were adjudged to be in default and the allegations of the petition were to be taken as true.

August 25, 1938, plaintiff filed praecipe

for order of sale, pursuant to the judgment rendered February 23, 1938, and the order of sale issued. Plaintiff in error, hereinafter referred to as defendant, thereupon filed, September 29, 1938, what was styled "Petition to Recall Order of Sale and Vacate Judgment." In this petition defendant set up:

(1) No legal service was had upon him in the foreclosure action, although there was a purported service by leaving a copy at defendant's residence in Cleveland county, because defendant had never been a resident of Cleveland county.

(2) That the recitation in the journal entry of the appearance of an attorney in behalf of defendant was in error, since said attorney did not appear for defendant.

(3) The journal entry as to the third cause of action (in the foreclosure suit) was in error, the note sued upon not being secured by the mortgage sued upon; and if said note was valid, it was unsecured and the property described as securing said note was homestead and not subject to being levied upon to pay an unsecured indebtedness.

(4) Defendant owned an undivided interest in any minerals in and under the property described in plaintiff's petition for foreclosure, and while said interest might be junior to the interest asserted by plaintiff, defendant was entitled to his day in court to protect said interest.

Defendant then, by the terms of his petition, entered his appearance, asked that the execution and order of sale be recalled and that he be given time to answer. Thereafter defendant further alleged that he was fraudulently induced to join in execution of a quitclaim deed to any interest in the property in question, and asked that: such deed be set aside; the grantee be enjoined from disposing of any interest in said property; the grantee be required to come into court and show his interest in the cause.

At the hearing the parties agreed that the motions of both Hugh T. Richardson and the defendant should be considered together, since both contained substantially the same allegations. After hearing and consideration of the matter, the trial court sustained plaintiff's demurrers and dismissed defendant's motions.

In seeking to reverse such order and judgment, defendant makes ten assignments of error. The argument advanced in support of the various propositions deals largely with the trial court's alleged lack of jurisdiction to render a valid judgment against defendant because no service was ever had upon defendant. However, as we view the matter now on appeal, it will be unnecessary to consider these matters at length, one question being decisive of the entire appeal.

As noted heretofore, defendant sought to recall the order of sale and to vacate the judgment in foreclosure by a pleading styled "Petition to Recall Order of Sale and Vacate Judgment," in which defendant set out, not only certain jurisdictional grounds, but also nonjurisdictional grounds for setting aside the judgment complained of.

To sustain his argument defendant cites and relies upon certain cases holding, generally, that upon facts such as appear in the case at bar, a party is entitled to a vacation of such a judgment for want of jurisdiction, and this without any showing of a meritorious defense. Defendant further asserts that, even though his petition constituted a general appearance, this did not waive his right to defend, but would only validate the service should the trial court, after a hearing upon the merits, determine the defendant was not entitled to the relief sought.

In view of the consistent holdings of this court, we are unable to give support to this argument. Section 556, O. S. 1931, 12 Okla. Stat. Ann. § 1031, sets forth when and in what manner the district courts of our state shall have the power to vacate or modify their judgments. In determining the matter now on appeal, it is necessary to decide only whether

defendant properly applied for the relief sought.

By the terms of his petition defendant entered his appearance and asked to have the order of sale set aside and the judgment vacated. This court has consistently announced the rule that a motion to vacate a judgment which contains both jurisdictional and nonjurisdictional grounds constitutes a general appearance in the case. Welch v. Ladd, 29 Okla. 93, 116 P. 573; Ziska v. Avey, 36 Okla. 405, 122 P. 722; Bristow v. Scott, 124 Okla. 89, 254 P. 16; Duncan v. Jones, 138 Okla. 91, 280 P. 436; Nolan v. Schaetzel et al., 145 Okla. 231, 292 P. 353; Leslie et al. v. Spencer, 170 Okla. 642, 42 P. 2d 119; and Gaghagen et al. v. Lehmer, Ex'r, 170 Okla. 372, 40 P. 2d 1046.

In the Ziska Case, supra, this court delivered an exhaustive discussion of this problem, tracing it from the early decision in Rogers v. McCord-Collins Merc. Co., 19 Okla. 115, 91 P. 864. In the body of the opinion the court quoted from the case of Kaw Valley Life Ass'n v. Lemke, 40 Kan. 142, 19 P. 337, where the Kansas court said:

"* * * But, as the question of service is not an important one, as we view it, we will not decide this question; for, whatever the service was, it was cured by the appearance of the defendants after the judgment was rendered in the cause. By their motion to set aside the judgment, said motion being upon jurisdictional as well as nonjurisdictional grounds, they waived the question of jurisdiction, and made the defendants parties to the action, and this waiver binds them to that judgment as though they had originally appeared at the trial. * * *"

In Welch v. Ladd, supra, paragraph 2 of the syllabus states:

"Where a motion is made in which a question is raised not going to the jurisdiction of the court over the parties, but which can be heard only upon a general appearance, the parties will be taken and held to have entered a general appearance, and in such case defects in the service of summons will be deemed and held to have been waived, even though

such appearance be made after judgment and upon a motion to vacate and set aside such judgment."

In view of the innumerable decisions to the effect that one cannot challenge the jurisdiction of the court over him and at the same time invoke the jurisdiction of the court by asking relief therein, we hold that where a party seeks to vacate a judgment against him and sets up both jurisdictional and nonjurisdictional grounds, he thereby enters a general appearance for all purposes as though appearance had been made at the trial.

Judgment affirmed.

BAYLESS, C. J., and OSBORN, HURST, and DANNER, JJ., concur.