## CITY NAT. BANK v. SPARKS.

No. 5078.    Opinion Filed August 10, 1915.

(151 Pac. 225.)

1. **ATTACHMENT—Publication Notice—Sufficiency.** In an action for attachment against a non-resident defendant, whose land has been levied upon, a publication notice which fails to describe the land attached, and fails to state, inferentially or in any manner, the nature of the judgment which will be taken, is fatally defective.

2. **SAME—Affidavit for Publication—Sufficiency.** A failure to make proper averments in an affidavit for publication of such facts as show that the case is one of those provided for by section 4276. Wilson's Rev. & Ann. St. 1903, and section 4722, Harris-Day Code, renders it insufficient to support service by publication.

3. **APPEARANCE—What Constitutes—Effect—Waiver of Irregularities—"General Appearance."** Generally speaking, any plea or proceeding raising questions, nonjurisdictional and involving the merits constitutes a "general appearance," and waives all questions as to the regularity of the service, whether made before or after judgment.

4. **SAME—"Special Appearance"—Effect—Jurisdictional Questions.** Any plea or proceeding which raises jurisdictional questions only is a "special appearance," and the mere fact of filing the same does not give the court jurisdiction over the person of the defendant; but a party who denies the jurisdiction of the court over his person must first present that single question.

5. **APPEARANCE—General Appearance—What Constitutes.** Where a pleader urges jurisdictional and nonjurisdictional grounds as a basis for relief, he enters a general appearance; and this is true when done at any stage of the proceedings.

6. **PROCESS—Affidavit for Publication — Cure of Defect—Amendment.** Where the jurisdictional facts necessary to warrant service by publication were in existence before the commencement of the action, and the affidavit for publication is defective only in that it states inferentially, or in any other way, any matter required by statute to be alleged therein, it is amendable, even after judgment; but where there is a total want of averment in the affidavit of some material fact required by the statute, the service is void, and the defect cannot be cured by amendment.

(Syllabus by Bowles, C.)

*Error from District Court, Comanche County;*
*J. T. Johnson, Judge.*

Motion by O. G. Sparks to set aside judgment recovered by the City National Bank in a cause in which the latter was plaintiff and the former was defendant. Judgment sustaining motion, and plaintiff brings error. Affirmed.

*H. A. Smith,* for plaintiff in error.

*W. C. Stevens,* for defendant in error.

Opinion by BOWLES, C.   Plaintiff in error, plaintiff below, brought suit on December 12, 1903, against defendant in error, defendant below (hereinafter referred to as plaintiff and defendant, respectively) to recover judgment upon a promissory note executed by defendant to plaintiff.   In said suit, plaintiff caused attachment to issue and by virtue of said attachment writ lots 31 and 32 in block 62 were seized, and afterwards lot 31 was sold.   Lot 31 having sold for a sufficient amount to satisfy the judgment and costs, lot 32 was released.   Service was had upon defendant by publication.

On March 22, 1904, Mary E. L. Sparks, wife of defendant, filed her interplea in the attachment proceeding, claiming title to and ownership of the attached property. The issue raised by the interplea was heard by the court November 16, 1904.   Judgment upon the interplea was rendered against interpleader and in favor of plaintiff. Upon the same day the court found that the defendant was indebted to plaintiff in the sum prayed for in the petition, sustained the attachment, and ordered the property sold, which was afterward done.

On October 10th Mary E. L. Sparks filed her motion to set aside the sale.   This motion was heard and overruled.   From the refusal of the court to set aside the sale,

Mary E. L. Sparks appealed to the Supreme Court, where said judgment of the court below was affirmed (21 Okla. 827). On the 30th day of October, 1908, the defendant, O. G. Sparks, filed a motion to set aside the judgment rendered on the 16th day of November, 1904, as being null and void on account of defective service by publication. On the 6th day of November, 1912, this motion was sustained, and the judgment set aside; hence this appeal.

The contentions of plaintiff in error relied on for a reversal of this case will be considered under two heads: First. Did the court below have jurisdiction of the defendant in error? Second. Did defendant, by a general appearance or otherwise, waive the defects in the service by publication, if any there were, and thereby give the court jurisdiction of the person of the defendant? Let us consider these propositions in their order.

The service upon the defendant was by publication, and the affidavit to obtain service by publication was as follows:

"TERRITORY OF OKLAHOMA, COMANCHE COUNTY—SS.:

"In the District Court for Said County and Territory. The City National Bank of Lawton, O. T., Plaintiff, v. O. G. Sparks, Defendant. Affidavit to Obtain Service by Publication. F. M. English, of lawful age, being duly sworn, says: That he is the agent of and cashier for the above-named plaintiff, and that on the 12th day of December, 1903, said plaintiff filed in the district court a petition against said defendant O. G. Sparks, showing that the said defendant is indebted to the plaintiff upon a certain promissory note, dated November 29, 1901, for one hundred fifty dollars and interest from 29th day of December, 1901. Affiant further says that the said defendant, O. G. Sparks, is a nonresident of the Territory of Oklahoma, and that service of a summons cannot be

made on said defendant, O. G. Sparks, within the said Territory of Oklahoma, and that the said plaintiff wishes to obtain service upon the said defendant by publication.

"F. M. ENGLISH.

"Subscribed and sworn to before me this 14th day of December, 1903.

"[Seal.]          N. E. SISSON, *District Clerk.*"

Indorsed:

"Affidavit for service by publication.    Filed Dec. 14, 1913.          N. E. SISSON, *Clerk.*"

Was this sufficient?    Clearly not.    The statute provides, before service by publication can be had:

"An affidavit must be filed stating that the plaintiff, with due diligence, is unable to make service of the summons upon the defendant or defendants to be served by publication, and showing that the case is one of those mentioned in the preceding section.    When such affidavit is filed, the party may proceed to make service by publication."    (Rev. Laws 1910, section 4723.)

This section requires that the affidavit for publication shall show that the case is one of those mentioned in the preceding section, which is as follows:

"Service may be made by publication in either of the following cases:    In actions brought under sections 4671 and 4672, where any or all of the defendants reside out of the state, or where it is stated in the affidavit for service by publication that the plaintiff with due diligence is unable to make service of summons upon such defendant or defendants within the state; in actions brought to establish or set aside a will, where any or all of the defendants reside out of the state; in actions to obtain a divorce where the defendant resides out of the state; in actions brought against a nonresident of the state, or a foreign corporation, having in this state property or debts owing them, sought to be taken by any of the provisional remedies,

or to be appropriated in any way; in actions which relate to, or the subject of which is, real or personal property in this state, where any defendant has or claims a lien or interest, actual or contingent, therein, or the relief demanded consists wholly or partly in excluding him from any interest therein, and such defendant is a nonresident of the state or a foreign corporation; and in all actions where the defendant, being a resident of this state, has departed therefrom, or from the county of his residence, with intent to delay or defraud his creditors, or to avoid the service of a summons, or keep himself concealed therein with the like intent." (Rev. Laws 1910, section 4722.)

These sections of the statute have been before this court, and the law relative thereto fully settled and put at rest. In *Ballew v. Young,* 24 Okla. 182, 103 Pac. 623, 23 L. R. A. (N. S.) 1084, Justice Hayes, in a well-considered opinion, where the authorities are gone into and fully discussed, holds:

"A failure to make proper averments in the affidavit [for publication] of such facts as to show that the case is one of those provided for by section 4276 [section 4722, Harris-Day Code] renders it insufficient to support service by publication."

The affidavit to obtain service by publication in the case at bar is absolutely silent as to the necessary allegations required by the statute. It in no manner sets out the facts necessary to indicate the character of the case or the judgment sought, directly or inferentially.

Where the jurisdictional facts necessary to warrant service by publication were in existence at the commencement of the action, and the affidavit for publication is defective only in that it states inferentially, or in any other way, any matter required by statute to be alleged therein, it is amendable, even after judgment; but where there is a total want of averment in the affidavit of some

material fact required by statute, as in this case, the service is void and the defect cannot be cured by amendment.

In this case the notice of publication does not describe the property attached, or the nature of the judgment the plaintiff seeks to secure. Section 4725, Harris-Day Code (which is identical with section 4275, Wilson's Statutes, in force at the time of the commencement of this action) reads as follows:

"The publication must be made three consecutive weeks, in some newspaper printed in the county where the petition is. filed, if there be any printed in such county; and if there be not, in some newspaper printed in the state, of general circulation in the county. It shall state the court in which the petition is filed, the names of the parties, and must notify the defendants thus to be served that he or they have been sued and must answer the petition filed by the plaintiff on or before a time to be stated (which shall not be less than forty-one days from the date of the first publication) or the petition will be taken as true and judgment, the nature of which shall be stated, will be rendered accordingly."

This statute provides, among other things, that the judgment, the nature of which shall be stated, will be rendered accordingly. If the statute has any significance, a publication notice, where lands have been attached, should contain a description of the lands attached, and failure to do so renders the service defective. In *Ballew v. Young*, cited above, the syllabus reads:

"In an action for attachment against a nonresident defendant, whose land has been levied upon, a publication notice which fails to describe the land attached, and fails to state inferentially, or in any other manner, the nature of the judgment which will be taken, is fatally defective."

This decision upon the point in question is fully sustained by the Kansas authorities. *Cohen v. Trowbridge,* 6 Kan. 385; *Garrett v. Struble,* 57 Kan. 510, 46 Pac. 943; *Cackley v. Smith,* 38 Kan. 450, 17 Pac. 156.

Upon the question of diligence, we think the affidavit for publication service is sufficient. It reads:

"That the defendant, O. G. Sparks, is a nonresident of the Territory of Oklahoma, and service of summons cannot be made on said defendant, O. G. Sparks, within the said Territory of Oklahoma."

This allegation fills the requirement of the statute as to due diligence. To require a plaintiff, after he has positively stated under oath that the party sued is a nonresident of the state, to state what diligence he has exercised to obtain service within the state, would be the height of folly. If the affidavit as to nonresidence is true, no amount of diligence would have enabled plaintiff to serve the party within the Territory of Oklahoma. This reasoning is in harmony with the late decisions of this court, and a fair analysis of the earlier expressions of the court does not change the doctrine herein announced, when applied to the facts in each particular case.

As to the second proposition: Did the defendant, by a general appearance or otherwise, waive the defects in the service and submit himself to the jurisdiction of the court before or after judgment? Generally speaking, any plea or proceeding raising questions nonjurisdictional, and involving the merits, constitutes a general appearance, and waives all questions as to the regularity of the service, whether made before or after judgment. Any plea or proceeding which raises jurisdictional questions only is a special appearance, and the mere fact of filing the same does not give the court jurisdiction over the person of the

defendant.   Were this not true, the defendant's mouth would be forever closed to question the jurisdiction of the court over his person.  But a party who denies the jurisdiction of the court over his person must first present that single question.   He may not mingle with his plea other pleas which concede jurisdiction, and thereafter insist that there was error in overruling his plea to the jurisdiction.   Where the pleader urges jurisdictional and nonjurisdictional grounds as a basis of relief, he enters a general appearance; and this is true when done at any stage of the proceedings.   We believe this doctrine is fully borne out by the following decisions: *Raymond v. Nix,* 5 Okla. 656, 49 Pac. 1110; *Rogers v. McCord-Collins Merc. Co.,* 19 Okla. 115, 91 Pac. 864; *Lookabaugh v. Epperson,* 28 Okla. 472, 114 Pac. 738; *Welch v. Ladd,* 29 Okla. 93, 116 Pac. 573; *Ziska v. Avery,* 36 Okla. 405, 122 Pac. 722; *Cohen v. Trowbridge,* 6 Kan. 385; *Burdette v. Corgan,* 26 Kan. 102; *Walkenhorst v. Lewis,* 24 Kan. 303; *Meixell v. Kirkpatrick,* 29 Kan. 679.

Plaintiff in error claims that defendant appeared generally at the trial of the main issue, and also raised both jurisdictional and nonjurisdictional grounds in his motion to set aside the judgment.   The judgment of the court upon the main issue and the interplea of Mary E. L. Sparks reads as follows:

"On this 16th day of November, 1904, same being one of the regular judicial days of the October, 1904, term of said court, this cause came on to be heard upon the issues joined upon motion to dissolve the attachment and also upon the main case of the City National Bank against O. G. Sparks, the plaintiff appearing by its attorney, Wilford M. Smith, and the movant, Mary E. L. Sparks, appearing by her attorney, Stevens & Miller; and thereupon the parties to said cause upon motion to dissolve the attach-

ment and the hearing upon the case of the Bank against Sparks announced that they were ready for trial, and each announced in open court with the consent of the court that they waive a jury. And thereupon the plaintiff introduces its evidence and rests its case, and the movant introduces her evidence and the court having heard the argument of counsel, and being advised in the premises, the court finds that there is now due and owing to the plaintiff from the defendant the sum of $150 principal on said note, $51.75 interest, and $20.17 attorney's fee.

"The court further finds that at the time the defendant became indebted to the plaintiff he was the owner in fee simple of lots thirty (30), thirty-one (31), and thirty-two (32), in block sixty-two (62), in the city of Lawton, Oklahoma Territory, and that subsequent to the creation of said indebtedness the defendant conveyed said real estate to his wife, without a fair and valuable consideration and in bad faith, and for the purpose of hindering, delaying, and defrauding his creditors, among them being the plaintiff in this cause.

"It is therefore further ordered, adjudged, and decreed that the motion to dissolve the attachment be, and the same hereby is, overruled. It is further decreed and adjudged that said conveyance from the defendant, O. G. Sparks, to his wife, Mary E. L. Sparks, be and the same is hereby declared void and of no force, as against the interest of the plaintiff in this suit.

"And it is further ordered, adjudged, and decreed, that execution issue for the sum of $221.92, with interest thereon at the rate of 7 per cent. per annum from the date hereof, and that said lots thirty (30), thirty-one (31), and thirty-two (32), in block sixty-two (62), Lawton, Oklahoma, be sold upon said execution, and that the proceeds arising from said sale be applied, First, to the payment of the costs herein; second, to the payment of the any amount due upon said premises for taxes; and, third, to the payment of the amount of plaintiff's claim; and that the residue, if any, be brought into court to abide

the further order of the court. The said movant, Mary E. L. Sparks, at the time objected and excepted, and exception is by the court allowed.

"And thereafter, to wit, on the said day, the said movant, Mary E. L. Sparks, filed her motion for a new trial, and the court, after hearing said motion and the argument of counsel thereon, and being fully advised in the premises, overruled the same, to which ruling of the court the said movant, Mary E. L. Sparks, at the time objected and excepted, and the exception is by the court allowed. And thereupon said Mary E. L. Sparks for good cause shown is allowed 60 days in which to make and serve a case-made for the Supreme Court, and the plaintiff allowed five days thereafter in which to suggest amendments thereto; said cause to be signed, settled, and allowed on five days' notice of either party to the adverse party.

"It is further ordered that the 60 days in which to make and file a case-made shall commence on the 4th day of March, 1905.                    "F. E. GILLETTE,
                    *"Judge of the District Court."*

We must confess that this journal entry is a piece of shrewd and cunning workmanship, and at first blush would lead us to believe the defendant, by counsel for Mary E. L. Sparks, made a general appearance, by announcing ready for trial and waiving a jury. But upon reflection and a careful study of the journal entry we do not believe it was the intention of counsel for Mary E. L. Sparks to appear in any capacity for the defendant, nor do we believe it was so understood by the court or counsel for plaintiff. The journal entry recites specifically that Mary E. L. Sparks appeared by her attorneys, Stevens & Miller, and plaintiff by its counsel, Wilford M. Smith. No appearance is shown for the defendant in person or by attorney. The announcing ready for trial by Stevens & Miller, obviously, was for the interpleader, and

50—22

the jury was waived upon the same phase of the case; that is, upon the trial of the rights of property.

Again, the judgment of the court is a mere finding of indebtedness from defendant to plaintiff, and no attempt is made to render a personal judgment against him. The service being constructive, the court could do no more than find the indebtedness due, order the property sold, and apply the proceeds to the extinguishment of the debt. Had the court, or plaintiff's counsel, at the time considered the defendant in court, a personal judgment against the defendant would doubtless have been rendered. Therefore we hold that no appearance, either general or special, was made by defendant upon the trial of the main case.

Now we come to the motion to set aside the judgment. Paragraph 5 of defendant's motion states:

"That the affidavit for attachment fails to state that at the time of the making of the same the said defendant was out of the Territory of Oklahoma."

This ground, urged to set aside the judgment, taken literally, is undoubtedly a general appearance, because the pleader invokes the power of the court upon nonjurisdictional grounds; but, taking the motion as a whole, it is clear that the word "attachment" was inadvertently used, instead of "publication," and the same is merely a typographical error.

Having reviewed all the errors complained of by plaintiff, we conclude that the affidavit for publication and the publication service were insufficient to sustain the judgment rendered by the court in the first instance and said judgment was void. The motion to set aside the judgment was rightfully sustained, and we recommend that the

action of the court below in setting aside the judgment in all things be sustained.

By the Court: It is so ordered.