Ex parte DAN JOSEPH HOLLOWELL.

No. A-10848.　June 18, 1947.

(182 P. 2d 771.)

Bill Steger, of Durant, for petitioner.

Mac Q. Williamson, Atty. Gen., and Lewis A. Wallace, Asst. Atty. Gen., for respondent.

BAREFOOT, P. J. This is an original action in habeas corpus, commenced in this court by Dan Joseph Hollowell and Mrs. D. J. Hollowell, seeking the release of their daughter, Belinda Hollowell, from the State Industrial School for Girls, located at Tecumseh, Okla., where she is held by reason of a commitment issued out of the juvenile court of Bryan county, on February 27, 1947.

In the petition, as grounds for relief, it is stated:

"That the proceedings, hearings and commitment of the County Court of Bryan County, Oklahoma, in the aforementioned case, are irregular, void and not in conformity with the Statutes of the State of Oklahoma in such

cases made and provided, in the following particulars, to-wit:

"(a) The parents of Belinda Hollowell and Belinda Hollowell, were not advised by the court that they were entitled to the counsel of an attorney at law before any hearings or action would be had by the court.

"(b) The parents of Belinda Hollowell and Belinda Hollowell were not advised by the court that they were entitled to have a trial by jury before any hearings or action would be had by the court.

"(c) That the parents of Belinda Hollowell were denied their constitutional rights in the proceeding that resulted in the confinement of their daughter, and that they did not knowingly waive any of their constitutional rights. That the parents of Belinda Hollowell are uneducated and not vested in legal matter and that they did not know their rights until they saw a lawyer, subsequent to the issuance of the commitment that placed their daughter in the State Industrial School at Tecumseh, Oklahoma.

"(d) The parents of Belinda Hollowell and Belinda Hollowell were not served with a summons or given any notice that a petition was filed in said County Court on February 26, 1947, charging that the said Belinda Hollowell was a juvenile delinquent; the parents of Belinda Hollowell and Belinda Hollowell were not advised a hearing would be had on said petition; and the parents of Belinda Hollowell and Belinda Hollowell were not given an opportunity to be present and defend themselves against the charges contained in the aforesaid petition.

"4. That the proceedings, records, entries and commitment in the aforesaid case No. 748, of the County Court of Bryan County, Oklahoma, are incomplete, irregular, void and not in conformity with the laws of this State. Certified copies of the proceedings in said case No. 748 are attached hereto, made a part hereof, and marked 'Exhibits A, B, C, D, and E.'

"5. That all of the proceedings had in the aforementioned cause in the County Court of Bryan County, Oklahoma, do not constitute a sufficient basis for the issuance of the commitment that placed the said Belinda Hollowell in the State Industrial School at Tecumseh, Oklahoma."

The response filed by the Attorney General on behalf of the Superintendent of the State Industrial School for Girls, states that the petitioner is being held by reason of the commitment above mentioned.

Attached to the petition is a certified copy of the petition filed in the juvenile court of Bryan county on October 9, 1946, by Wanda M. Turner, visiting teacher of the Durant Public Schools, who was the delinquency officer of the county public schools. In the petition it is alleged:

"That she (Belinda Hollowell) is 15 years of age. That she has heretofore been charged with Juvenile Delinquency and by this Court paroled and now wanders about town; that she will leave home for school and plays hookey; that she is addicted to smoking cigarettes in hiding; that she grows behind in her studies at school; that she is found in company with Billie Ray Mitchell who is a delinquent child 17 years of age, and now charged in this court."

Attached to the petition is a copy of the summons issued to "Mrs. D. G. Hollowell, N. Washington Ave., 1 house north of Gene Mosley place," the mother of the delinquent, notifying her of the hearing on the above petition, which would be held on October 14, 1946, at 10 o'clock a. m. On the back of the summons is a return of the officer, showing personal service of the summons on Mrs. Hollowell on October 9, 1946, and the summons shows to have been returned on October 11, 1946. The number of this case was 737.

There was also attached to the petition a copy of the petition signed and sworn to by J. H. Belvin, and filed in the juvenile court of Bryan county on February 26, 1947. This petition has reference to the delinquency of Belinda Hollowell, and in the body thereof of it is alleged:

"That she has left the home of her father and mother at Blue, Oklahoma, and taken up her residence with Mingo Underwood in Durant where she has lived for the past two months; that she is out with men all hours of the day and night and makes excursions with them to Lake Texhoma and returns to the Underwood residence as late as 2 a. m. on Sunday mornings in company with young men of divers and various reputations. Mrs. Mingo Underwood is a Mexican and wife of Mingo Underwood who is now overseas in the U. S. Army and has been for many months and the two women live together where the Underwood woman entertains masculine guests exclusively. That she has been at home at the Underwood residence 15 to 20 nights in the month and frequents the Bus Depot at Durant at all hours of the day and night and that this conduct has gone on for the last seven (7) months; that she frequents movies and gets home; that she has a report from one of her boy friends that she has given him a venereal disease the report alleged to come from a local clinic; that the child's mother has consented to her remaining in this Underwood home here in Durant. That this is the fourth time she has been before this court since 1944 on a charge of Juvenile Delinquency and heretofore returned to her parents with the promise of amendment of discipline."

This petition bears the number 748.

Also attached to the petition filed herein is a certified copy of the order of W. H. Ritchey, judge of the juvenile court, directing Clay Anderson, as probation officer, to take charge of the care and custody of Belinda Hollowell. This order was issued on February 26, 1947.

There is also attached to the petition a certified copy of an order entered in the juvenile court of Bryan county on February 27, 1947, by W. H. Ritchey, judge of said court, committing the petitioner, Belinda Hollowell, to the State Industrial School at Tecumseh, Oklahoma. This order recites that a petition and complaint was filed in the juvenile court by Mrs. Wanda M. Turner on October 9, 1946, charging Belinda Hollowell, 15 years of age, with being a delinquent child; and that at the hearing on said petition said child, her mother, Mrs. Hollowell and W. O. Taylor, probation officer, were present in court. The order further recites:

"The court further finds, that the statement and allegations contained in the petition are true; that said child was before this court in 1944 on a charge of delinquency and this court parolled; and this child was again before the court in 1945 on the same charge and again in 1946 and each time was paroled; and now on the present charge and it is made to appear from her past and witnesses appearing in open court voluntarily that her reformation at home is beyond the power and forces available and that she ought to be committed.* * *

"And whereas, on the —day of January, 1947, said child did break said parole by knowingly and unlawfully leaving her home and going to live with a Mexican family in Durant and absenting herself from school and attending moving picture shows and remaining out to midnight of nights and on Saturday nights to two (2) a. m. Sunday morning; that the Mexican woman's home is a place of resort for divers and various types of youths 20 and more years of age; and the said child having been brought before the court, on this 27 day of February, 1947, and it having been proven to the satisfaction of the court that said child did break her parole as above set forth;

"Now therefore, it is by the Court ordered that said Belinda Hollowell be committed and delivered to the

charge of the Superintendent of the State Industrial School at Tecumseh, Oklahoma, to be safely kept under the direction of the Board of Control of State Charitable Institutions until discharged by due course of law.

"(Signed)   W. H. Ritchey

"Judge of the Juvenile Court."

Attached to the order of commitment is a copy of the statement of an examining physician, and the case history of Belinda Hollowell and her parents.

In addition to the certified copies above mentioned, at the hearing before this court, the oral testimony of Mrs. Hollowell, the mother of Belinda Hollowell, was taken; and by agreement the affidavit of Judge Ritchey was presented.

It is contended by petitioner that the judgment entered by the juvenile court on February 27, 1947, committing the said Belinda Hollowell to the State Industrial School for Girls, at Tecumseh, was void by reason of non-compliance with the terms of the statute (Tit. 10, O. S. 1941 § 102). This is the section of the statute giving the child informed against, or any person interested in such child, the right to demand a trial by jury; the main contention being that Belinda Hollowell was entitled to counsel, and that she was deprived of her constitutional rights by not being permitted a jury trial before her commitment.

The records of the juvenile court of Bryan county are not as full and complete as they should have been; but from all the records in this case, it appears that Belinda Hollowell was proceeded against as a delinquent child by petition filed in the juvenile court of Bryan county on October 9, 1946, by the proper authorities. She had

on previous occasions been brought before the court, but no proceedings had been filed and she had been returned to the custody of her parents, with the understanding that if her actions were not controlled she would again be brought before the juvenile court for punishment. At the time the petition was filed on October 9, 1946, her mother was summoned as provided by law, and the judge of the juvenile court, in his statement filed in this court, says:

"This court definitely knows that she (the mother) was in court; that she was warned that the child must be in school except that she had a physician's certificate of her inability on account of illness."

The record does not disclose that a jury was demanded, or that a jury trial was had. The above statute (Tit. 10 O. S. 1941 § 102) provides that a trial by jury may be demanded. An examination of the authorities dealing with juvenile courts reveals that these statutes are liberally construed. We think that the record in this case justifies our finding that a trial by jury was not demanded and was waived in this instance. The order entered on October 14, 1946, was that the child be returned to the custody of her father and mother. Soon after this order was made the parents moved to the town of Blue, in Bryan county, but Belinda did not remain there, and did not attend school. She in many ways· broke the parole granted her by the juvenile court, and the record reveals that she led a life in the city of Durant which the court found would ultimately lead to her downfall. On February 27, 1947, she was brought before the juvenile court again by the filing of a second petition, as above set forth. It is true than another number was given this petition, but in truth and in fact it was only a continuation of the original charges; and from an examination of the statutes as a whole, governing juvenile delinquency, we are

of the opinion that it was not absolutely necessary that her parents be notified before the order was made on February 27, 1947, but that the court had the right to make the order. Tit. 10 O. S. 1941 §§ 109, 110, 111 and 112, when read as a whole, clearly indicate that the court, when once it acquires jurisdiction of a delinquent child, has full and complete jurisdiction, and that it is not necessary that notice be served upon the parents, or that a jury trial be had before entering an order, where there has been a violation of the parole order formerly made in the manner provided by law, where the parents had been duly notified and had personally appeared in court at that time, and no demand was made for a jury trial.

Mrs. Hollowell, in her testimony before this court, in reply to her own counsel, stated:

"Q. You have heard from her since she has been down at this school? A. Yes, sir, she wrote me she was well and said she had everything a poor child needed, and she liked it better every day."

We do not find that this child has been deprived of her constitutional rights, and are of the opinion that she is receiving assistance which will in all probability lead to her reform, and in the end make of her a useful citizen.

For the reasons above stated, the writ of habeas corpus is denied.

JONES and BRETT, JJ., concur.