**Wanda Maxine CRAWFORD, Petitioner,**

**v.,**

**The Honorable Dorothy YOUNG, Judge of the Juvenile Court of Tulsa County, Oklahoma, Respondent.**

**No. 41228.**

Supreme Court of Oklahoma.

Nov. 24, 1964.

Elmore A. Page, Tulsa, for petitioner.

David Hall, County Atty., Ted Flanagan, Asst. County Atty., Tulsa, for respondent.

BERRY, Justice.

This cause is presented upon application of petitioner, Wanda Maxine Crawford, asking this Court to assume original jurisdiction, and to issue writ of prohibition against the respondent judge.

From the pleadings and record before us, the pertinent facts appear to be that in Case No. D–79647 the District Court of Tulsa County granted petitioner a decree of divorce from Dale L. Crawford on October 17, 1962. This decree further awarded custody of James Robert Crawford and Jerry Dale Crawford, their minor children, to petitioner.

On December 4, 1962, the husband filed motion to modify the mentioned decree upon the grounds of petitioner's unfitness, asking that custody of the children be removed from petitioner. At a hearing on January 25, 1963, the court modified the original decree by granting temporary custody of James Robert to the father until July 25, 1963, but continued custody of Jerry Dale in petitioner. On July 25, 1963, the district court entered an order modifying the original divorce decree in accordance with the order entered at the January, 1963, hearing.

On March 9, 1964, the district court entered the following ex parte order in Case No. D–79647:

"Now on this 9th day of March, 1964, it appearing to the Court that an Order should be entered certifying the matter of the custody of Jerry Dale Crawford, age six (6) years, son of the parties herein to the Juvenile Court of Tulsa County, Oklahoma for investigation and disposition.

"IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED BY THE COURT that this matter be certified to the Juvenile Court of Tulsa County, Oklahoma for investigation as to the custody of the above mentioned Jerry Dale Crawford and for disposition."

Thereafter on May 18, 1964, an officer of the juvenile court filed petition in that court alleging the district court had certified the matter of the custody of Jerry Dale Crawford for investigation and disposition. The petition further alleged the neglect and dependency of the named minor. No service or notice of filing of this petition was had upon petitioner.

The day after the petition was filed, petitioner and Jerry Dale moved to California. On June 2, 1964, the respondent entered a "Temporary Order After Petition" purporting to place such minor's custody in the father. About August 13, 1964, the father went to California and, unknown to petitioner, forcibly took custody of such minor while the child was playing outside the home and returned with him to Tulsa, Oklahoma.

Petitioner soon thereafter returned to Tulsa, and on August 31, 1964, filed Case No. 108628 in the district court, seeking writ of habeas corpus in behalf of the

minor. The district court heard the matter September 1, 1964, and denied the petition upon the grounds the juvenile court had jurisdiction by reason of the transfer order entered March 9, 1964, and for the reason that writ of habeas corpus "will never lie where a person is legally in the custody of the court." The conclusion reached herein makes consideration of the correctness of such finding unnecessary.

In the application to this Court for relief, petitioner urges that the district court was without authority to certify a matter of custody, theretofore established by order, to the juvenile court for investigation and disposition in the absence of a verified application and a showing of a change of conditions since the last hearing pertaining to custody.

The respondent relies upon that portion of 20 O.S.1961, § 773, which states:

"* * * Such other courts, however, may certify said questions to the juvenile court for hearing and determination or recommendation."

Respondent urges that "said questions" mentioned therein means that the district court is empowered to refer questions of custody incidental to cases pending in that court to the juvenile court for investigation and determination. Upon this basis respondent concludes that since a petition was filed and a summons served upon one parent, the father, present in the county as required by 20 O.S.1961, § 773, the juvenile court had jurisdiction over the minor involved herein. By this reasoning respondent asserts that petitioner cannot be granted relief by prohibition because:

"FIRST: The District Court had jurisdiction of the parties and the subject matter in the divorce case pending before it, and had the legal right (to) refer the matter of the custody of the child to the Juvenile Court, either for hearing and recommendation or for hearing and determination.

"SECOND: The Juvenile Court being granted original jurisdiction in matters involving children, acquired jurisdiction in this case on the filing of a petition and the issuance of service of summons on the father of the child."

Constitution, Art. VII, Sec. 10 fixes the extent of jurisdiction of the district courts. The statutes vest the district court with jurisdiction for granting divorce, and determination of custody and the provision for welfare of children affected by such divorce likewise devolves upon the district court. The issue then becomes simply a question whether a district court which has assumed jurisdiction of such a controversy can divest itself of that jurisdiction by purporting to transfer such cause to an inferior court for determination and disposition, by reason of presumed concurrent jurisdiction.

Two reasons establish the impropriety of such action. In Anderson v. Walker, Okl., 333 P.2d 570, the Act providing for establishment of the Juvenile Court of Tulsa County was approved as a validly enacted general law. However, Syllabus 3 of that decision states:

"3. Statutes creating additional courts upon a population basis which cover some of the counties of the state and exclude others, and in parts of certain sections of said statute provide treatment as to individual residents of said counties covered, different from the treatment provided for same individuals if residents of counties excluded, and different from the treatment provided under our general laws for said individuals, are to that extent arbitrary and capricious, and in violation of the provisions of the Constitution of Oklahoma, Art. 5, Sections 32, 46 and 59, and said parts of sections are invalid. However, such construction does not affect the validity of those parts of the act or sections thereof which do not provide for such discrimination when a saving clause is included in said act."

The conclusion stated in the quoted syllabus prohibits effectiveness of acts attempted by the Juvenile Court of Tulsa County

which are not permitted, or cannot be performed by the other county courts which by law serve as ex officio juvenile courts in counties which lack the population requirement set forth in the statutes creating the special court.

■ Thus in the present case the attempt by the district court to invest the juvenile court with jurisdiction to determine custody provided a different means of handling child custody cases in Tulsa County than is available to residents of other counties. Our conclusion in this respect is supported by our recent holding in Williams v. Johnson, District Judge, Okl., 396 P.2d 518. Therein prohibition was granted to require the respondent judge to refrain from ordering the petitioner's divorce action referred to a Conciliation Department because the enabling statute was declared to be a special law. By the same reasoning the provisions of the Juvenile Court Act, under which the purported transfer order was made, operated only in Tulsa County and cannot be considered as other than a special law in this respect and therefore invalid.

The quoted portion of the statute, 20 O.S. 1961, § 773, supra, provides the basis for respondent's further argument.

Respondent's position is that the force of this statute makes the juvenile court an arm of the district court to hear and determine matters of child custody and make final determination thereof. We do not consider the question of the juvenile court's authority in this respect appropriately presented at this time. The temporary detention order, based upon a petition filed after the attempted transfer order, was entered subsequent to the district court's order modifying the custody provisions of the divorce decree. The course of action apparent herein was nothing more than an attempt to modify the district court's child custody decree by an ancillary proceeding.

The general rule as respects concurrent or co-ordinate jurisdiction of courts over a common subject matter is stated in 14 Am. Jur., Courts, Sec. 243:

"It is a familiar principle that when a court of competent jurisdiction acquires jurisdiction of the subject matter of a case, its authority continues, subject only to the appellate authority, until the matter is finally and completely disposed of, and that no court of co-ordinate authority is at liberty to interfere with its action. * * * The principle is essential to the proper and orderly administration of the laws; and while its observance might be required on the grounds of judicial comity and courtesy, it does not rest upon such considerations exclusively, but is enforced to prevent unseemly, expensive and dangerous conflicts of jurisdiction and of process. * * *"

■ It is recognized that questions relating to custody of children always are subject to being inquired into by a court of equity, the welfare of children being the paramount consideration, when the minors' best interests so demand. Gaunt v. Gaunt, 160 Okl. 195, 16 P.2d 579. However, previous decision of the matter by a court of competent jurisdiction is regarded as res judicata of the issue so long as the situation of the parties remains unchanged.

■ Jurisdiction of the district court had been invoked by the divorce proceeding. The matter of child custody had been determined by the order entered July 25, 1964. That order could be vacated, set aside or modified only upon proper application and presentation of matters to the district court showing change of condition subsequent thereto. Such does not appear in the matter before us. The juvenile court was not empowered to assume jurisdiction and determine custody of this minor child after jurisdiction had been fixed in the district court for determination of custody based upon the circumstances existing up to time of such decree.

■ The writ of prohibition is granted as prayed. The custody of the minor involved

is ordered vested in petitioner in accordance with order of the district court fixing custody.

Writ granted.

BLACKBIRD, C. J., HALLEY, V. C. J., and DAVISON, JOHNSON, WILLIAMS, JACKSON and IRWIN, JJ., concur.