STATE of Oklahoma ex rel. Sandra Kaye COX, Plaintiff,

v.

Charles H. LOHAH, Judge of the County Court of Osage County, Oklahoma, Defendant.

No. 42506.

Supreme Court of Oklahoma.

July 18, 1967.

Rehearing Denied Oct. 3, 1967.

Hamilton, Kane & Kane, Pawhuska, for plaintiff.

Kelly & Gambill, by Bruce W. Gambill, Pawhuska, for defendant.

DAVISON, Justice.

This matter is presented on an application to this court to assume original jurisdiction and petition for a writ of prohibition ordering the defendant to desist and refrain from further proceeding in his capacity as Judge of the County Court of Osage County, Oklahoma, in cause No. 1124 in that court. The plaintiff herein, for clarity, will at times be referred to as petitioner.

From the oral argument and briefs of counsel it appears that on April 6, 1967, Joseph Leonard Cox, Sr., as plaintiff, filed an action in the District Court of Osage County, Oklahoma, against Sandra Cox, petitioner herein, as defendant; that summons was duly · served and on April 7, 1967, the defendant (petitioner herein) filed her answer and cross petition in said cause.

That the above case was duly docketed as cause No. D–13906; that the issues involved therein are the matter of divorce between the parties and the care, custody, welfare and education of the four minor children of the parties, the young child being 1½ years old and the oldest child being 8 years of age; that this cause is still pending and the issues undisposed of.

That thereafter, to wit, on April 25, 1967, the paternal grandparents of the children involved herein filed an action in the County Court of Osage County, Oklahoma, alleging that the parents of the children involved herein were both unfit to act as parents of said children and praying that said children be adjudged neglected children and made wards of that court to be provided for as the law directs.

That on May 4, 1967, petitioner filed motion to dismiss in cause No. 1124 in the County Court on the grounds that cause No. D–13906 was first filed and pending in the District Court and that that court had exclusive jurisdiction and authority to determine the matter of custody, support and welfare of the minor children. This motion to dismiss was denied by the County Judge (defendant herein) on the theory that the County Court, sitting as a Juvenile Court, had jurisdiction to determine the matters presented regardless of the first filed and pending suit in the District Court. The defendant then ordered that cause No. 1124 be set for trial on May 31, 1967, which order gave cause for filing of the present application for the writ of prohibition in this court.

We find that this cause involves a conflict of jurisdiction between the two courts involved herein, and, that this court should assume original jurisdiction for a determination of the matter.

The question here to be determined is where suit was first filed in the District Court of Osage County involving divorce and custody of minor children, and thereafter while said case was pending in the first court, a petition was filed in the County Court of Osage County to declare the children dependent and neglected children, and where full, complete and adequate relief may be obtained in the first court, and where an intolerable conflict of jurisdiction would arise if both courts were permitted to act, is it proper to prohibit the second court from exercising jurisdiction?

The statutory basis for the jurisdiction of the District Court is Title 12 O.S.1961, § 1277, and is as follows:

"A petition or a cross-petition for a divorce, legal separation, or annulment must state whether or not the parties have minor children of the marriage. If there are such children, the court shall make

provision for guardianship, custody, support and education of the minor children, and may modify or change any order in this respect, whenever circumstances render such change proper either before or after final judgment in the action."

The statutory basis for the jurisdiction of the County Court is Title 10 O.S.1961, §§ 101 and 102, and are as follows:

Section 101, reads:

" * * * the words 'dependent child' and 'neglected child' shall mean any male child under the age of sixteen years and any female child under the age of eighteen years who for any reason is destitute, homeless or abandoned; or dependent upon the public for support; or has not the proper parental care or guardianship; * * *"

Section 102, reads:

"The county courts of the several counties of this State shall have jurisdiction in all cases coming within the terms and provisions of this Article. In trials, under this Article, the child informed against, or any person interested in such child, shall have the right to demand a trial by jury, which shall be granted as in other cases unless waived, or the judge of his own motion may call a jury to try such case, provided the judge may, if he deems it necessary or expedient, proceed to the selection of such jury in the same manner provided for the selection of such jury in the same manner provided for the selection of jurors by justices of the peace."

We have had several occasions to construe Title 12 O.S.1961, § 1277, and have consistently held that the jurisdiction of the district courts regarding the care and custody of minor children of divorced parents is continuing and the court wherein a divorce is granted can, on its own motion, or at the suggestion of any person interested, make such reasonable order as may be necessary upon either or both of the parties to provide for the guardianship, custody, support and education of the minor child or children and such orders may be

modified from time to time. Sango v. Sango, 121 Okl. 283, 249 P. 925; Bynum v. Bynum, 184 Okl. 36, 84 P.2d 424; Bishop v. Bishop, Okl., 321 P.2d 416; Danielle v. Thomas, Okl., 355 P.2d 1000; Clampitt v. Johnson, Okl., 359 P.2d 588, 591.

In the present case the issues have not yet been tried in the district court and the divorce has not been granted. This fact is immaterial however because under the plain wording of the present statute, Title 12 O.S.1961, § 1277, supra, heretofore set forth, the jurisdiction of the court has been invoked for the purposes involved herein and that court obtained jurisdiction from the time of the filing of the petition.

In the district court case the court will have the opportunity to determine the question of custody and determine whether one or both parents are unfit persons as custodians of the children and whether the children are legally neglected. If the trial court finds that both parents are unfit or that the children are legally neglected that court has authority to appoint some one other than the parents over their custody. This can be done under the statute when considering the best interests of the minors. In this connection we find precedent for the court to award custody of the minors to some one other than the parents. In the case of Phillips v. Phillips, Okl., 267 P.2d 597, we said:

"Court did not abuse its discretion by placing child of divorced parents in custody of its maternal grandparents, but upon application for change of custody, court could then consider whether either of child's parents were fit custodians for the child."

Also see Anderson v. Anderson, 191 Kan. 76, 379 P.2d 348, and the reasoning in the case of Ex parte Frear (Frear y. Kelso), 190 Okl. 16, 119 P.2d 854.

In support of his contention defendant cites the case of Ex parte Frear, supra. The facts in that case disclose that in a divorce proceeding the mother was given the custody of the minor child and thereafter

died. After her death the maternal grandfather was appointed guardian of the person and estate of the minor child in a proceeding in the county wherein the father of the child was a party. The county court's order appointing the guardian was an appealable order and no appeal therefrom was taken and the order became final. The cited case involved an application for a writ of habeas corpus by the father in the district court on the theory that the district court had continuing jurisdiction over the minor. The district court held that under the facts in the case it had no authority to grant the writ. On appeal to this court the opinion stated, "If the father had applied to the District Court before the County Court was asked to appoint a guardian, a different issue would be presented. However, he did not do so, but submitted himself to the County Court and did not appeal from its order." We are of the opinion that the cited case is not helpful to defendant.

The case of Mahan v. Moore, 198 Okl. 67, 175 P.2d 345, cited by defendant involves an adoption case which originated in the county court. However the proceeding for adoption had been instituted after a divorce action had been tried in the district court in which the maternal aunt and her husband were awarded custody of the child involved in the adoption proceeding and the father was found to be an unfit parent because of extreme cruelty. Thereafter the maternal aunt sought to adopt the child and the mother gave her consent for the adoption. The adoption was then made by the county court without having obtained the consent of the father. After some six years had elapsed after the adoption was ordered the parents of the child joined in an application in the district court to modify the provisions of the divorce decree relating to the custody of the child. The trial court in the cited case refused to modify the decree on the theory that the application to so modify the divorce decree would be a collateral attack on the adoption proceeding. The trial court was affirmed by this court on the ground that under the applicable statute it was unnecessary for the father to give his consent to the adoption, he having been adjudged guilty of extreme cruelty in divorce decree. Under the circumstances in the case the county court had authority to make the adoption order.

In the recent case of Crawford v. Young, Okl., 397 P.2d 497, wherein the factual situation is somewhat similar to the facts in the present case, we stated:

"When a district court in a divorce proceeding fixed custody of minor child involved and such order was final and not appealed from, the court was without jurisdiction to order the matter transferred to the juvenile court for investigation and disposition of custody, and proceedings attempted in such juvenile court were without authority of law."

In the case of Crawford v. Young, supra, it will be noted that an order had been made by the district court, while in the present case no order fixing the custody of the child has been made. This distinction, however, is immaterial because the jurisdiction of the district court had been first invoked and all matters pertaining to the custody of the minor will remain in that court. Pine v. Superior Court of Seminole County, 172 Okl. 70, 39 P.2d 530; 20 Am.Jur.2d, Courts, Sec. 128, p. 481; 21 C.J.S. Courts §§ 93, 94, pp. 143 and 147; Crawford v. Young, supra; Title 12 O.S.1961, § 1277.

It is further argued by defendant that the county courts have sole jurisdiction to determine whether or not a juvenile has the capacity to commit a felony, citing Ex parte Powell, 6 Okl.Cr. 495, 120 P. 1022, and State v. Alexander, 18 Okl.Cr. 546, 196 P. 969. We agree with these opinions. However, defendant argues that to hold for the petitioner in this case would be to place the divorced person's child outside the scope of the county court for such determination. We do not agree with the reasoning for in such criminal cases the statute fixes jurisdiction exclusively in the county court to make such determination before such matter could ever be considered by the district court. State v. Alexander, supra;

Ex parte Lewis, 85 Okl.Cr. 322, 188 P.2d 367.

Our attention has been called to the fact that in the case of Ray v. Woodard, Okl., 377 P.2d 216, we made the statement that the county court in a proceeding similar to the matter in question had the exclusive original jurisdiction. This statement was dicta. In that case the jurisdiction had been originally invoked in the county court and that being true it was the court having exclusive jurisdiction. The question necessary for decision in that case was whether the appeal, by reason of alleged conflicts of the statutes pertaining to appeals should be taken from the county court direct to the Supreme Court or to the district court. The appeal was made to the district court and upon motion to dismiss in that court the appeal was ordered dismissed on the theory that the district court was without jurisdiction because that court was of the opinion that the appeal should have been directly lodged in the Supreme Court. On appeal to this court we reversed the district court and remanded the matter to that court for further proceedings. The question of the jurisdiction of the county court, under the facts in that case, was not raised and the question of the jurisdiction of the county court was not an issue.

Counsel for defendant further suggests that 10 O.S.1961, § 101 et seq. was intended by the Legislature to give the county court exclusive jurisdiction over cases involving the alleged dependent and neglected children, and that to permit the district court under the circumstances involved herein to determine the care, custody and control of the minors would by implication repeal the Juvenile Statute. Counsel suggests that such holding would be in violation of Article 2, Oklahoma Constitution, § 19, and Article 5, Oklahoma Constitution, § 32. No citation of authorities are offered to support these arguments. Counsel states that two classes of children would be established, one class being entitled to trial by jury (County Court) and the status of other children to be determined by the court (District Court) without the aid of a jury.

In answer to the last argument it will be noted that the county court acquires jurisdiction of a juvenile who is a neglected or dependent child from the provisions of the Juvenile Act, 10 O.S.1961, §§ 105, 106 and 108.

Section 105, supra, is as follows:

"Any reputable person being a resident of the county having knowledge of a child in his county who appears to be either neglected, dependent or delinquent, may file with the clerk of court having jurisdiction in the matter, a petition in writing, setting forth facts verified by affidavits. The petition shall set forth the name and residence of the legal guardian, if known, or if not known then the name and residence of near relative, if there be one and his residence known. It shall be sufficient that the affidavit is upon information and belief."

In conjunction with the filing of the petition it becomes necessary under Section 106, supra, to have summons issued and served in the manner provided for therein.

■ It would appear that the Legislature, in its wisdom, when it passed the Juvenile Act did not intend to preclude the district court from deciding the matter of child custody in a divorce action where the jurisdiction was first lodged in that court. It is a matter of common knowledge that many more divorce cases involving custody of children are filed in the district courts than there are cases filed in the county court involving cases to declare minors dependent, neglected or delinquent. Perhaps, the Legislature thought that the right to determine the custody of minors would be left in experienced hands where relief relative to custody in such cases could be handled more expeditiously, and without an extra appeal.

We are further of the opinion that the Legislature did not intend to deprive the district courts of jurisdiction to determine the custody of children in divorce cases where jurisdiction was first invoked in such

courts. This thought is borne out by the passage of Title 20 O.S.1961, § 771 et seq. Section 773 of that Act, in part, reads as follows:

"Nothing contained in this Act shall deprive other courts of the right to determine the custody of children upon writs of habeas corpus, or to determine the custody or guardianship of children when such custody is incidental to the determination of causes pending in such other courts. Such other courts, however, may certify said questions to the juvenile court for hearing and determination or recommendation."

It is true that this act was declared unconstitutional, but only for the reason that it was a special law applicable only to Tulsa County.

 The general rule is that when a court of competent jurisdiction acquires jurisdiction of a subject and of the parties, its jurisdiction continues as to all matters until the issues are finally disposed of, and no other court with coordinate jurisdiction should interfere. This principle is essential to the proper and orderly administration of justice. Crawford v. Young, supra; 20 Am.Jur.2d, Courts, § 128, p. 481. Jurisdiction of a court once acquired is not lost or divested by subsequent events. Pine v Superior Court of Seminole County, 172 Okl. 70, 39 P.2d 530; 21 C.J.S. Courts §§ 93 and 94, pp. 143 and 147.

We are of the opinion that the District Court in the matter herein has the power and authority to determine all issues before it, including the custody of the children. We are of the opinion that both courts had coordinate jurisdiction and the District Court having first obtained jurisdiction should retain the exclusive jurisdiction of the cause. We so hold.

The writ of prohibition is granted and Charles H. Lohah, Judge of the County Court of Osage County, is ordered to desist and refrain from proceeding further in cause No. 1124 in said court.

All the Justices concur.