Eugene Leslie STRATTON, Petitioner,

v.

Honorable Charles E. STEELE, Associate Judge of the District Court of Okmulgee County, Oklahoma, Respondent.

In the Matter of Elizabeth Jane Stratton, a child under 18 years of age.

No. 47133.

Supreme Court of Oklahoma.

Feb. 5, 1974.

M. David Riggs, Chapel, Wilkinson, Riggs & Abney, Tulsa, for petitioner.

R. W. Fulton, Asst. Dist. Atty., Okmulgee County, Okmulgee, and Michael Jackson, Asst. Atty. Gen., Oklahoma City, for respondent.

John W. Barksdale, Okmulgee, court appointed counsel, for Elizabeth Jane Stratton.

DOOLIN, Justice.

We are concerned in this special proceeding and application for Writ of Prohibition with conflicts between courts exercising jurisdiction over children in divorce actions and proceedings concerning children in delinquent, dependent and neglected proceedings.

The facts of the matter are not greatly at variance or in dispute. On November 21, 1966, the District Court of Tulsa County, Oklahoma, in case No. D–92967 entered a Decree of Divorce between the parents of Elizabeth Jane Stratton and awarded and confided custody of Elizabeth Jane Stratton to her father. Thereafter, the Tulsa County District Court maintained continuing jurisdiction and control of said child by various orders and decrees contesting custody, contempt, etc. The original custody of the child was not changed as a result of the subsequent orders and hearings. The original Decree of Divorce provided, and there is no showing of any change, that the mother, even though specifically found to be unfit, was entitled to reasonable visitation; there is little doubt that the mother has regularly exercised her right of visitation. On November 26, 1973, while Elizabeth was with her mother in Okmulgee County, Oklahoma, a Petition alleging Elizabeth to be a dependent and delinquent child was filed in Okmulgee County, cause No. J–73–104. The Petition alleged that Elizabeth had run away from her father's home and custody because of an incestuous relationship forced upon her by her brother, seventeen years of age, who was also in the custody of the father and a resident of the father's home. On the same day (November 26, 1973) the Associate District Judge of Okmulgee County (Respondent Judge herein) entered an ex parte order termed "Emergency Order" vesting exclusive custody of Elizabeth in her mother, and restraining the Petitioner (father) from all contact with the child.

On November 27, 1973, Petitioner (father) filed a Motion to Dismiss the dependent and delinquent proceeding in Okmulgee County, alleging that the District Court of Tulsa County had jurisdiction under the Decree of Divorce and alleging that the District Court of Tulsa County had made numerous investigations of the child's custody, had not changed the custody and had found the father to be a fit and proper person. This Motion further alleged that the mother of Elizabeth who had commenced the dependent and delinquent proceeding had recently been committed to the Eastern State Hospital at Vinita, Oklahoma, for mental observation or evaluation. The Motion then set out that the District Court of Tulsa County had original and continuing jurisdiction over the child in question.

Upon hearing Petitioner's (father's) Motion to Dismiss on January 4, 1974, the Respondent Judge overruled and dismissed the Motion and set a hearing upon the merits of the delinquent and dependency petition for January 18, 1974. This last hearing date has been continued by these proceedings.

Prior to the enactment of the present or new Delinquent, Dependent and Neglected Children's Act, 10 O.S.1971 § 1101 et seq., 1968, the jurisdiction of the juvenile courts was fixed by 10 O.S.1961 § 101 et seq., more particularly §§ 102 and 105 of said title. We twice construed these last mentioned statutes contrary to the position of the Respondent Judge. In State v. Lohah (Okl.1967), 434 P.2d 928, we held that a court exercising jurisdiction of a minor child by virtue of a divorce action would not be divested of same by juvenile proceedings in the same county. See also to the same effect Crawford v.

Young (Okl.1961) 397 P.2d 497. We feel bound to this position unless it can be demonstrated that the newly enacted Delinquent, Dependent and Neglected Children's Act, 10 O.S.1971 § 1101 et seq. has had the effect of allowing subsequent juvenile proceedings to have precedence over a district court exercising continuing jurisdiction under a divorce action.

Ten O.S.1971 § 1102,[1] which we find to be controlling as to jurisdiction of juvenile courts dealing with delinquent, dependent and neglected children, must be compared to the previous Act, 10 O.S.1961 § 102. Under 10 O.S.1961 § 102, the old law provided:

> "The county courts of the several counties of this State shall have jurisdiction in all cases coming within the terms and provisions of this Article."

Section 105 provided:

> "Any reputable person being a resident of the county having knowledge of a child in his county who appears to be either neglected, dependent or delinquent, may file with the clerk of court having jurisdiction in the matter, a petition in writing, setting forth facts verified by affidavits."

Examination and comparison of these statutes does not lead us to the conclusion that the newly enacted Delinquent, Dependent and Neglected Children's Act has divested a district court of the continuing jurisdiction granted by 12 O.S.1971 § 1277.

It seems obvious to us that the Legislature in enacting 10 O.S.1971 § 1102 did not intend to grant exclusive jurisdiction to another court which would conflict with that already assumed and granted by a court of equal authority. We cannot find where the newly enacted Delinquent, Dependent and Neglected Children's Act has

changed or modified our holding in State v. Lohah, supra:

> "Where suit was first filed in the District Court of Osage County involving divorce and custody of minor children, and thereafter while said case was pending in the first court, a petition was filed in the County Court of Osage County to declare the children dependent and neglected children, and where full, complete and adequate relief may be obtained in the first court, and where an intolerable conflict of jurisdiction would arise if both courts were permitted to act, it is proper to prohibit the second court from exercising jurisdiction."

See also 434 P.2d at page 933 of State v. Lohah, supra:

> "It is a matter of common knowledge that many more divorce cases involving custody of children are filed in the district courts than there are cases filed in the county court involving cases to declare minors dependent, neglected or delinquent."

Neither are we persuaded that under the statutes reorganizing the district courts (20 O.S.1971 § 91.1 et seq.) has there been any legislative intent to divest the continuing jurisdiction of the district court first exercising jurisdiction over the custody of minors by virtue of 12 O.S.1971 § 1277.

In Crawford v. Young, supra, we state:

> "A juvenile court was not empowered to assume jurisdiction and determine custody of minor child of divorced parties where jurisdiction of the district court had been invoked by a divorce proceeding and matter of child custody had been determined by order of the district court based upon circumstances existing at time of such order, although that order could be vacated, set aside or modified

---

l.  10 O.S.1971 § 1102: "The District Court shall have jurisdiction of any delinquent child, child in need of supervision, or dependent and neglected child, who is found within the county; and of the parent, guardian or legal custodian of the child, regardless of where the parent, guardian or legal custodian is

found. When jurisdiction shall have been obtained over any child, it may be retained until the child becomes twenty-one (21) years of age. . . . For the convenience of the parties and in the interest of justice, a proceeding under this act may be transferred to the district court in any other county."

upon proper application and presentation of matters to the district court showing change of conditions."

As a final proposition for denial of Petitioner's request for Writ of Prohibition, the Respondent suggests that the Petitioner has entered his "general appearance" in the Okmulgee County juvenile proceeding by filing a Motion to Dismiss, and has thus waived or consented to the jurisdiction of the Okmulgee County District Court.

■ We hold that actions under the Dependent, Delinquent and Neglected Children's Act are in the nature of special proceedings, partaking of the elements of civil and criminal procedures. They are instituted for the protection of the child or for a child in need of special supervision or for a child destitute and homeless and so on through the broad spectrum of children's problems. It has been held that juvenile statutes are to be liberally construed, Ex parte Hollowell, 84 Okl.Cr. 355, 182 P. 2d 771 (1947) and we do not believe that it was intended that the strict rules of pleading and practice should obtain to same. When a juvenile matter is presented to the district court of any one of Oklahoma's counties, the forum is ordinarily set and chosen. In a juvenile matter an interested party, parent, or the Oklahoma Department of Public Welfare of necessity is locked into or subject to such proceedings in the county chosen unless a particular right to fix custody continues in another court of co-equal jurisdiction, is asserted and has previously attached. That is the holding from State v. Lohah, supra.

■ Respondent argues that Petitioner has made a general appearance and consented to jurisdiction in Okmulgee County. We are convinced that under the facts in this case, the Petitioner's entire efforts (filing Motion to Dismiss) were directed towards a challenge to jurisdiction and his appearance was special—not general. See City National Bank v. Sparks, 50 Okl. 648, 151 P. 225 (1915) and Stephenson v. Hammons, 308 P.2d 317 (Okl.1957) where we stated:

"If a Defendant invokes the jurisdiction of the court upon any question except that of power of the court to hear and decide the cause (jurisdiction) the appearance is general." (parenthetical expression supplied.)

Thus, we conclude Petitioner has not entered a general appearance by his Motion to Dismiss under the facts and circumstances of this case.

Application granted; Writ issued prohibiting further proceedings by the District Court of Okmulgee County, Oklahoma, in cause No. J–73–104.

SIMMS, J., having certified his disqualification in this case, R. L. BAILEY was appointed special justice in his stead.

WILLIAMS, V. C. J., HODGES, LAVENDER and BARNES, JJ., and R. L. BAILEY, Special Justice, concur.

DAVISON, C. J., and IRWIN and BERRY, JJ., specially concur.

BERRY, Justice (specially concurring):

I believe 10 O.S.Supp.1972 § 1102, confers jurisdiction in the District Court of Okmulgee County in the present case. This section provides:

"Jurisdiction of District Court—Transfer of proceedings.—The district court shall have jurisdiction of any delinquent child, child in need of supervision, or dependent and neglected child, who is found within the county; and of the parent, guardian or legal custodian of the child, regardless of where the parent, guardian or legal custodian is found. When jurisdiction shall have been obtained over any child, it may be retained until the child becomes twenty-one (21) years of age. For the convenience of the parties and in the interest of justice, a proceeding under this act may be transferred to the district court in any other county."

I recognize that under the divorce decree custody of the minor was placed in the father in Tulsa County wherein the divorce was granted. In my opinion both courts have jurisdiction.

If I correctly construe State v. Lohah, Okl., 434 P.2d 928 [1967], we recognize that the County Court of Osage County, sitting as a juvenile court, had jurisdiction to determine the matter presented regardless of the first and pending suit in the district court. We said that it had coordinate jurisdiction with the district court.

However, since full, complete and adequate relief could be obtained in the district court and it had first obtained jurisdiction, and an intolerable conflict would arise if both courts were permitted to act, we held the district court should retain the exclusive jurisdiction of the cause.

An intolerable conflict would exist if both courts would continue to exercise continuing jurisdiction. Since the District Court of Tulsa County first acquired jurisdiction and full, complete and adequate relief could be obtained in that court, I agree that the writ should issue.

I concur specially with the majority opinion.

I am authorized to state that DAVISON, C. J., and IRWIN, J., concur in the views herein expressed.