In the Matter of Clifford Gene IVEY and
David Vincent Ivey, children under
18 years of age.

Marie IVEY, now Smith, Petitioner,

v.

Honorable John W. PORTER, Jr., Associate
Judge of the District Court of Muskogee
County, Oklahoma, Respondent.

No. 48307.

Supreme Court of Oklahoma.

April 29, 1975.

Fred H. DeMier, Miami, for petitioner.

Lloyd Payton, Muskogee, for respondent.

IRWIN, Justice:

Petitioner (mother) and Samuel Ivey (father) are the parents of the two minor children involved in this proceeding. On March 17, 1972, a decree of divorce was granted to both the mother and father in the district court, Delaware County, Oklahoma. The mother was awarded custody of the minor children in the divorce decree. The decree was subsequently modified and custody was awarded to the father.

While the children were in the custody of the father and in Muskogee County, the mother petitioned the District Court, Muskogee County [Case No. JF–73–90], to have the minor children declared dependent and neglected. The jurisdiction of the Muskogee County District Court to adjudicate the issues presented was not challenged. On Hearing, the Muskogee County District Court found that the minor children were not dependent and neglected and the best interests and welfare of the children required they continue in the care and custody of the father. The District Court retained jurisdiction of the minor children.

In this original proceeding, the mother seeks a writ of prohibition prohibiting the Respondent Judge from further proceeding in Case No. JF–73–90 and enjoining him from exercising further jurisdiction · over the minor children.

The mother contends the Muskogee County District Court's determination that the minor children were not dependent and neglected divested the court of jurisdiction over the minor children. In the alternative, the mother contends that since the Delaware County District Court has continuing jurisdiction regarding the care and custody of the minor children because of the divorce proceedings, the Muskogee County District Court should be enjoined

from exercising further jurisdiction over the minors under the rules announced in State v. Lohah, Okl., 434 P.2d 928 (1967), and cases of similar import. In Lohah, we held:

"Prohibition is an appropriate remedy to prevent an intolerable conflict in the exercise of jurisdiction between courts of equal jurisdiction.

"Under Title 12 O.S.1961, § 1277, the jurisdiction of the district court to determine the custody and welfare of children of parents in a divorce action attaches from time jurisdiction is first invoked and not from the time judgment is entered.

"Where suit was first filed in the District Court of Osage County involving divorce and custody of minor children, and thereafter while said case was pending in the first court, a petition was filed in the County Court of Osage County to declare the children dependent and neglected children, and where full, complete and adequate relief may be obtained in the first court, and where an intolerable conflict of jurisdiction would arise if both courts were permitted to act, it is proper to prohibit the second court from exercising jurisdiction."

The father contends that Lohah is not applicable because the mother invoked the jurisdiction of the Muskogee County District Court and once that court acquired jurisdiction, jurisdiction was not lost by subsequent events. The father cites Russell v. McGinn, Okl., 514 P.2d 658 (1973), wherein we said:

"A general appearance in an action without properly objecting to the jurisdiction of the court, waives lack of jurisdiction. Turner v. Big Four Petroleum Co., 274 P.2d 524 (Okl.1954). Jurisdiction of the court once acquired is not lost or divested by subsequent events. State v. Lohah, 434 P.2d 928 (Okl. 1967)."

10 O.S.Supp.1972, § 1102, provides:

"The district court shall have jurisdiction of any delinquent child, child in

need of supervision, or dependent and neglected child, who is found within the county, * * *."

 The minor children were in Muskogee County when the mother invoked the jurisdiction of the Muskogee County District Court to adjudicate whether the children were dependent and neglected. That court acquired jurisdiction to adjudicate that issue and the court's jurisdiction was not challenged.

10 O.S.1971, § 1113, provides:

"If the court finds that the allegations of the petitioner are not supported by the evidence, the court shall order the petition dismissed and the child discharged from any detention or restriction previously ordered. The child's parents, guardian or other legal custodian shall also be discharged from any restriction or other previous temporary order."

 The Muskogee County District Court's determination that the minor children were not dependent and neglected must necessarily include a finding that the mother's allegations that the children were dependent and neglected were not supported by the evidence. Also, whether the minor children were "children in need of supervision" as that term is defined by 10 O.S.Supp.1972, § 1101(c) was not in issue. Under the clear language of § 1113, supra, the trial court "shall order the petition dismissed" if it finds the allegations are not supported by the evidence.

When a petition is filed alleging that a minor child is dependent or neglected, and on hearing, the trial court determines that the minor is not dependent or neglected, there is no statutory authority for the trial court to exercise continuing jurisdiction over the minor children in that cause when the determination has become final.

 In the case at bar, the Muskogee County District Court's determination that the minor children were not dependent and neglected has become final. Under these circumstances, the court does not have jurisdiction over the minor children in Case No. JF–73–90. Therefore, petitioner (the mother) is entitled to a writ of prohibition to prevent the Muskogee County District Court from exercising further jurisdiction over the children in Case No. JF–73–90.

Since we have made this determination it is unnecessary to consider the applicability of State v. Lohah, supra, or the other contentions presented by the parties.

Original jurisdiction assumed; Petition for Writ of Prohibition granted; and the Respondent Judge is prohibited from exercising further jurisdiction over the minor children in Case No. JF–73–90, District Court, Muskogee County, Oklahoma.

All the Justices concur.